PER CURIAM.
The plaintiff brought a suit m chancery to vacate an award of an arbitrator under an allegation that the arbitrator failed to follow the substantive law of Florida in reaching his decision. The trial judge entered a final decree which found for the defendant, insurance company, and held the arbitration award proper.
The thrust of the plaintiff’s appeal is that if the arbitrator had recognized the proper rule of law he should have found for the plaintiff. The function of the arbitrator in this case was to determine if the plaintiff was “legally entitled to recover” damages under an uninsured motorist clause of an automobile liability insurance contract written by the defendant, as the insurer, for the plaintiff, as the insured. The Guest Statute, § 320.59 Fla.Stat., F.S.A., was applicable to the conclusion reached by the arbitrator; however, we do not find it necessary to discuss or decide the question of whether gross negligence was proved under any reason *54 able view of the evidence which the arbitrator may have taken. It is sufficient to point out that an examination of the record clearly supports the arbitrator’s award upon the basis of contributory negligence of the plaintiff. See Henley v. Carter, Fla. 1953, 63 So.2d 192, 44 A.L.R.2d 1339.
Because of the above holding, we do not find it necessary to determine the availability of the remedy sought by the plaintiff in the circuit court.
Affirmed.