497 So.2d 980 (1986)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Frank CANDREVA, Appellee.
No. 84-1152.
District Court of Appeal of Florida, Fourth District.
November 19, 1986.
John E. Donahoe, Fort Lauderdale, and Jeanne Heyward, Miami, for appellant.
John M. Bernazzoli, of DeTardo, Longo & Bernazzoli, Hollywood, for appellee.
WARNER, MARTHA C., Associate Judge.
This is an appeal from a final summary judgment entered by the trial court in favor of the insured in an action for declaratory judgment filed by the insured against his uninsured motorist carrier. The insured had sought a declaration that there was no issue of coverage for the incident in question and that Allstate should be required to submit the matter to arbitration *981 pursuant to the terms of the insurance contract.
The parties stipulated that the appellee was an insured under the Allstate policy and that the vehicle which struck the appellee was uninsured as defined in the policy. Allstate denied coverage, however, and refused to arbitrate the claim based on a provision in its policy that provided that the company would pay only damages which the insured would have been "legally entitled to recover" from the owner or operator of the other vehicle. Allstate's position was that since the appellee and the operator of the uninsured motor vehicle were co-employees, suit was barred under the co-employee provision of the Workers' Compensation Statute, Section 440.11(1), Florida Statutes (1979), unless an exception to that statute was first established in the trial court.
On authority of Boynton v. Allstate Insurance Co., 443 So.2d 427 (5th DCA 1984), the trial court declared that there was no coverage issue, and that pursuant to Boynton the insurer did not stand in the shoes of the tortfeasor to permit the insurer to raise the defense of the co-employee bar to suit, under the Workers' Compensation Act. Thus the trial court ordered the parties to arbitrate the claim pursuant to the policy provisions.
Subsequent to the trial court's decision, the supreme court reversed Boynton. In Allstate Insurance Company v. Boynton, 486 So.2d 552 (Fla. 1986), the court held, contrary to the decision of the trial court here, that the insurer under uninsured motorist protection has the tortfeasor's substantive defenses available to it, including the immunity from suit created by the Workers' Compensation Act.
By way of supplemental briefs in this case, the appellee has argued that, notwithstanding the holding of the supreme court, he is still entitled to arbitration of the claim, because Workers' Compensation immunity is not absolute. Section 440.11, Florida Statutes (1979), provides exceptions to the immunity rule where the co-employee acts with willful and wanton disregard, unprovoked physical aggression, gross negligence, or when the two employees are assigned primarily to unrelated works. Thus, these matters of defense, much like comparative negligence, which must be pled and proved. Being matters of substantive defense, they are not coverage issues for the court but substantive defenses to the claim and subject to arbitration. We agree.
In Allstate v. Boynton, the supreme court found that "[t]he carrier effectually stands in the uninsured motorist's shoes and can raise and assert any defense that the uninsured motorist could urge." 486 So.2d at 557 (Emphasis added). The Workers' Compensation law provides a defense to the tortfeasor, but that defense may be overcome, inter alia, by proof of gross negligence or that the co-employee was involved in unrelated work. These issues of liability bearing on the right of recovery from the tortfeasor, not on the issue of coverage under the policy, are issues of fact to be settled in the arbitration proceedings. See Ebens v. State Farm Mutual Automobile Insurance Company, 278 So.2d 674 (Fla. 3d DCA 1973); McKinney v. American Casualty Company of Reading Pennsylvania, 171 So.2d 53 (Fla. 3d DCA 1965). Surely, if it is the arbitrators' province to determine whether the uninsured tortfeasor was negligent, it must also be within their province to determine whether he was grossly negligent, thus bringing the case out of the immunity of the Workers' Compensation statute.
We do not construe State Farm Fire & Casualty Company v. Glass, 421 So.2d 759 (Fla. 4th DCA 1982), as requiring a different result. In that case, this court stated:
Concededly, there is some confusion in the cases, probably caused by the use of the terms "liability" and "coverage." We understand the law to be that, after the court has determined that the insured's uninsured motorist policy is applicable to the case at hand, the arbitrators *982 then determine the liability of the carrier, i.e., how much, if anything, the carrier must pay for the insured's alleged damages.
Id. at 761.
The question of "how much, if any," the carrier must pay depends on the extent of liability of the tortfeasor as well as the damages to the insured. Thus, it is the court's duty to determine that the tortfeasor was uninsured within the meaning of the policy, and, once that determination is made, it is for the arbitrators to determine the extent of liability of the tortfeasor under the facts presented.
In the instant case, the parties have conceded that the tortfeasor was uninsured. Therefore, it is for the arbitrators to determine the extent of liability of the tortfeasor. The appellant is entitled to raise all defenses which the tortfeasor could have raised to his liability, the Workers' Compensation Act being one. It is then for the arbitrators to decide whether or not the Act applies or whether one of the exclusions to the Act appears in the evidence, thus rendering the tortfeasor liable to the appellee.
We therefore affirm the result reached by the trial court, albeit on different grounds. Since we have determined that bar based on Workers' Compensation immunity is not a question of coverage but a defense to the issue of liability, the summary judgment ordering arbitration is still proper.
AFFIRMED.
ANSTEAD and GLICKSTEIN, JJ., concur.