LEVY, Judge.
Defendant appeals an adverse Summary Final Judgment entered in a Declaratory Judgment action. We reverse.
The Fraternal Order of Police, Miami Lodge 20, Health Insurance Trust (the Trust) administers a program of group health and life insurance for certain subscribers, one of whom was police officer Antonio Perez, who suffered chest pains and ultimately underwent cardiac bypass surgery for heart disease during the course of his employment with the City of Miami. Perez claimed workers’ compensation benefits under the statute for these problems. When the City declined to pay this claim, contending that the injury was not compen-sable under the statute, Perez filed a claim for benefits with the Trust, which, as a result, has paid or is obligated to pay in excess of $49,000 on his behalf.
The Trust then filed the instant declaratory judgment action against the City, asking the court to declare that Section 185.34, Florida Statutes (Supp.1986),[1] applied to claims brought under the Workers’ Compensation Law, Chapter 440, Florida Statutes (1987). In its answer, the City asserted that Section 185.34 (and its presumption that any condition or impairment of health caused by, in this case, heart disease, shall be considered to be accidental and suffered in the line of duty) applied only to retirement and pension claims, that the statute did not provide any presumptions regarding workers’ compensation benefits, and that the circuit court was without subject matter jurisdiction because the workers’ compensation tribunal, not the circuit court, was the proper forum for this action. Thereafter, on the Trust’s motion, the court entered summary final judgment in its favor, finding “that any condition or impairment of health of any and all police officers employed by the City of Miami caused by tuberculosis, hypertension, heart disease or hardening of the arteries resulting in total or partial disability or death shall be presumed to be accidental and suffered in the line of duty unless the contrary be shown by competent evidence, to be applicable to proceedings for work *629 ers’ compensation pursuant to Chapter 4⅛0, Fla.Stat.[]” (emphasis supplied). The City appeals this order.
As an initial matter, we briefly address the jurisdictional issue raised by the parties. The Trust in this action sought both an interpretation of the provisions of Chapter 185 and the recovery of certain monies which it had expended on Perez’s behalf. “The circuit courts have jurisdiction to declare rights, status and other equitable or legal relations whether or not further relief is or could be claimed....” § 86.011, Fla.Stat. (1987). Further, “[a]ny person ... whose rights, status, or other equitable or legal relations are affected by a statute ... may have determined any question of construction or validity arising under such statute, ... and obtain a declaration of rights, status or other equitable or legal relations thereunder.” § 86.021, Fla.Stat. (1987). The action at issue here, clearly, was not a claim by the Trust for benefits under Chapter 440. We therefore agree with the Trust, and so, hold, that the circuit court was the proper forum for initiating this action.
We find the Trust's statutory construction argument, however, unconvincing, and, accordingly, reverse on that point. The Trust argues, in effect, that by deleting the statutory language that “[njothing herein shall be construed to extend or otherwise affect the provisions of Chapter 440, pertaining to workers’ compensation,” the legislature signaled that it now intended that the presumption in Chapter 185, regarding heart disease, shall now be applicable to Chapter 440.
The Trust then seeks to bolster its construction of the revised version of Chapter 185 by arguing that Chapter 185 contains a reference to “partial” disability in addition to the reference to “total” disability. The Trust argues that the inclusion of the “partial disability” language is significant because, under Section 185.18, Florida Statutes (1987), a police officer must establish both total and permanent disability in order to establish grounds for a disability retirement. Since a partial disability would create no entitlement to a disability retirement, the Trust argues that the “partial disability” language in Section 185.34 would have no reason for being included unless it was intended that the language of Section 185.34, as well as the presumptions contained therein, should also apply to situations involving a partial disability. This, the Trust argues, could only relate to claims made under Chapter 440, since the only claims that can be made directly under Chapter 185 are retirement claims involving a total and permanent disability. The Trust contends that there must have been a purpose for including the reference to “partial ” disability in Section 185.34 and, furthermore, the Trust urges us to apply the Section 185.34 presumption to Chapter 440 claims as a way of giving meaning to that purpose. This we decline to do. In addition, we note that the 1985 version of Section 185.34, which contained the specific limiting language regarding Chapter 440, also contained the same reference to “partial disability” as does the revised 1986 version that the Trust relies on in support of its contentions as described above.
We find that the language of Section 185.34 is clear and can only have one meaning. While it is true that certain language was deleted, it is equally true that the legislature has added, in place of the deleted language, the limitation that “[tjhis section shall be applicable to all police officers employed in this state only with reference to pension and retirement benefits under this chapter.” (emphasis supplied). Further, Chapter 185 is, itself, entitled “Municipal Police Officers Retirement Trust Funds.” The legislature having expressed itself clearly, we find that there was no need for interpretation. See Holly v. Auld, 450 So.2d 217 (Fla.1984). The trial court erred in not according the statute its plain meaning. See generally 49 Fla. Jur.2d, Statutes § 111; Sutherland Stat. Const. § 46.01 (4th Ed.).
Reversed.

. Because this opinion is concerned with the 1986 revision of section 185.34, the session law, with additions underscored and deletions struck through, is reprinted here in full:
185.34 Disability in line of duty — Any condition or impairment of health of any and all police officers employed in the state caused by tuberculosis, hypertension, heart disease, or hardening of the arteries resulting in total or partial disability or death, shall be presumed to be accidental and suffered in line of duty unless the contrary be shown by competent evidence. Any condition or impairment of health caused directly or proximately by exposure, which exposure occurred in the active performance of duty at some definite time or place without willful negligence on the part of the police officer, resulting in total or partial disability, shall be presumed to be accidental and suffered in the line of duty, provided that such police officer shall have successfully passed a physical examination upon entering such service, which physical examination including electrocardiogram failed to reveal any evidence of such condition and, further, that such presumption shall not apply to benefits payable under or granted in a policy of life insurance or disability insurance. This section shall be applicable to all police officers employed in this state only with reference to pension and retirement benefits under this chapter. Alothing-herein shall be construed to extend or otherwise affect the provisions of chapter 440, pertaining-to workers' compensation, — All laws, including local or special laws, in conflict herewith are repeated, Ch. 86-42, § 21, Laws of Fla.