WILLIAM C. OWEN, Jr., (Retired), Associate Judge.
This case involves uninsured motorist (UM) coverage. The trial court, on undisputed facts, entered a declaratory judgment (1) holding that the $20,000 UM coverage in the policy issued in 1985 by appel-lee to Robert Quinn (the named insured) was subject to offset for the $10,000 policy limits settlement which Quinn received (with appellee’s consent) from the tort-feasor’s liability insurer, and (2) denying Quinn’s demand for arbitration on the issues of liability and damages. We reverse on both issues.
The tortfeasor was, by definition, “uninsured” since the limits of his available liability insurance were less than the limits of the UM coverage issued by appellee to Quinn. See § 627.727(3)(b), Fla.Stat. (1984). The 1984 amendment to section 627.727(1) (which applies to this policy of insurance) expressly prohibits reducing the amount of available UM coverage by a setoff of the tortfeasor’s liability insurance. Accordingly, Quinn has $20,000 UM coverage available to him as the insured under the policy issued by appellee. See Shelby Mutual Ins. Co. v. Smith, 556 So.2d 393 (Fla.1990); United States Fidelity & Guaranty Co. v. Woolard, 523 So.2d 798 (Fla. 1st DCA 1988).
While appellee argues that Quinn’s settlement with the tortfeasor’s liability insurer has deprived appellee of its right of subrogation against the tortfeasor, the record is clear that appellee consented to the settlement and had no concern with a right of subrogation due to the fact that its claims manager felt Quinn’s injuries would not warrant a financial recovery in excess of the tortfeasor’s liability limits.
Before this declaratory judgment suit was filed by appellee, both it and Quinn had agreed to arbitration. The suit was filed by appellee after Quinn notified appellee that he claimed $20,000 UM benefits rather than the $10,000 he had initially requested. This case never involved a question of the existence of UM coverage. The only question was whether the amount of such coverage was subject to reduction by setoff of the amount paid by the tort-feasor’s insurer. There was no reason to deny Quinn his contractual right to arbitrate the issues relating to his entitlement to recover damages from the tortfeasor. See Allstate Ins. Co. v. Candreva, 497 So.2d 980 (Fla. 4th DCA 1986); State Farm Fire & Cas. Co. v. Glass, 421 So.2d 759, 761 (Fla. 4th DCA 1982).
Reversed and remanded for further proceedings consistent herewith.
ANSTEAD and WALDEN, JJ., concur.