PER CURIAM.
This non-final appeal arose from the trial court’s order striking the pleadings of *434 the appellants. Although appellants’ notice of appeal characterizes the order below as one determining liability in favor of a party seeking affirmative relief, we find that it does not. Accordingly, we are unable to consider the case under Florida Rule of Appellate Procedure 9.130 and we therefore dismiss, sua sponte.
Rule 9.180 provides that non-final orders are only reviewable when they concern the following issues:
(A) Venue.
(B) The granting, continuance, modification, denial or dissolution of injunctions, or the refusal to modify or dissolve injunctions.
(C)The determination of:
(i) Jurisdiction of the person.
(ii) Right to immediate possession of property.
(iii) Right to immediate monetary relief or child custody in domestic relations matters.
(iv) Liability in favor of a party seeking affirmative relief.
(v) Whether a party is entitled to arbitration.
In the case at bar the order appealed from does not fit into any of the categories listed above and therefore the notice of appeal of this particular matter was filed prematurely. In order for jurisdiction to lie under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) the appellee would have had to proceed (i.e., by motion for partial summary judgment or judgment on the pleadings) to an order that specifically found liability against appellants, if not a final judgment.
In some cases an improperly filed appeal can be treated by the appellate court as a petition for writ of certiorari. This is so when the order violates the essential requirements of law[1] and causes material injury to the petitioner throughout the remainder of the proceedings below, leaving no adequate remedy on appeal. However, in the instant case the appellants can seek review by plenary appeal. When such a remedy is available we cannot grant certiorari. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla.1987).
This non-final appeal is therefore dismissed, sua sponte.
LETTS and POLEN, JJ., concur.
GUNTHER, J., concurs in conclusion only.

. As we are without jurisdiction to consider this case, we do not reach a determination of whether or not the order complained of violates the essential requirements of law.