634 So.2d 1089 (1994)
J.J.F. OF PALM BEACH, INC., d/b/a Sunrise Restaurant, Appellant/Cross-Appellee,
v.
STATE FARM FIRE AND CASUALTY CO., Appellee/Cross-Appellant.
Nos. 91-0505, 91-1082.
District Court of Appeal of Florida, Fourth District.
February 23, 1994.
Motion for Rehearing Stricken as Untimely, Stay Granted April 29, 1994.
Theresa A. DiPaola of Roberts & DiPaola, P.A., and Philip M. Burlington of Edna L. Caruso, P.A., West Palm Beach, for appellant.
Brian C. Powers and Robert C. Groelle of Powers & McNalis, Lake Worth, for appellee.
FARMER, Judge.
In this case involving a business interruption claim under a fire insurance policy, the arbitrator (whom the parties call an "umpire") decided that the period of the interruption was 23.75 months. Later the trial judge set aside the arbitrator's decision under the guise of construing "coverage" under the policy. We reverse.
*1090 The insuring clause of the policy provides that State Farm is liable for:
"the actual loss sustained by the insured directly from the interruption of business * * * for only such length of time as would be required with the exercise of due diligence and dispatch to rebuild, repair or replace such part of the property herein described as has been damaged or destroyed, commencing with the date of such damage or destruction and not limited by the date of expiration of this policy." [e.s.]
After a fire damaged the insured's restaurant, the carrier offered compensation for a two-month period and refused to offer more. The insured, who was evicted from the premises after the fire, claimed substantially more than that. The parties stipulated that the insured's monthly loss was $7,638.
The arbitrator decided that the period of this insured's interruption, as measured by the due diligence clause, was 23.75 months. In making this determination, the arbitrator apparently found that the insured was delayed in diligently making the repairs by the carrier's refusal to resolve this claim. The trial judge concluded, however, that the compensable period of the interruption should be limited to only the actual time physically necessary to effect reconstruction or repair of the edifice destroyed in the fire. In other words, the trial judge employed only an engineering calculus, unaffected by surrounding circumstances, while the arbitrator considered both the physics and the circumstances.
The grounds for vacating or modifying an award are quite limited and specific. A trial judge may vacate an award only for fraud, corruption or partiality by the arbitrators; because the award is in excess of arbitrable jurisdiction; because the arbitrator unreasonably refused to postpone or continue an arbitration hearing; and because of the absence of an agreement to arbitrate.[1] A court may modify an award only for an obvious miscalculation or other self-evident mistake, for ruling on a matter not submitted, and for an imperfection in the form but not the merits of an award.[2] None of these grounds apply here.[3]
Under our arbitration law, unless the parties so stipulate, it is not given to judges to review arbitrators' decisions for legal and factual accuracy. No provision in the arbitration code authorizes judges to act as reviewing courts, in the same way we review trial judges' legal decisions. Here, however, the trial judge did precisely that when he found that the arbitrator used a "legally incorrect measure of damage." Even if that were true, and we do not think it so, that still would not authorize the judge to disturb the arbitrator's decision under the simple rubric of deciding the issue of coverage.
Where the amount owed on a claim, arguably within the policy coverage, is dependent on the resolution of disputed issues of fact and the application of policy language to those facts, as here, the extent of the claim does not constitute a "coverage" question. In Allstate Ins. Co. v. Candreva, 497 So.2d 980 (Fla. 4th DCA 1986), where we affirmed an order compelling arbitration in an uninsured motorist case with an arbitration provision, we concluded that the UM carrier's defense of workers compensation immunity was an issue for the arbitrator.
We distinguished the question of coverage, on the one hand, from the question as to the amount the carrier might be liable to pay, on the other, as the issue in that case. As Judge Warner explained:
"The question of `how much, if any,' the carrier must pay depends on the extent of liability of the [uninsured] tortfeasor as well as the damages to the insured. Thus, it is the court's duty to determine that the tortfeasor was uninsured within the meaning of the policy, and, once that determination is made, it is for the arbitrators to *1091 determine the extent of liability of the tortfeasor under the facts presented."
497 So.2d at 982. In other words, the coverage question reserved for the court is merely whether the claim is arguably within the class of claims covered by the policy and, therefore, the arbitration provision. Under the policy provision in this case, whether the claimant is actually entitled under the facts of the case to be paid on a claim and, if so, the precise amount to which the claimant is entitled, is a question reserved for the arbitrator. The Candreva rationale fits exactly here.
We remand for the entry of judgment on the arbitrator's decision.
REVERSED AND REMANDED WITH DIRECTIONS.
STONE, J., and JAMES C. DOWNEY, Senior Judge, concur.
NOTES
[1] See § 682.13, Fla. Stat. (1993).
[2] See § 682.14, Fla.Seat. (1993).
[3] The only one of these grounds argued below was that the arbitrator was biased in Savor of the insured. The issue of bias was tried to a jury, and their verdict was against the carrier. Hence, no statutory ground existed for vacating the award.