648 So.2d 741 (1994)
Emilio E. VALENZUELA, Appellant,
v.
Jaimie J. VALENZUELA, Appellee.
No. 94-1487.
District Court of Appeal of Florida, Third District.
August 11, 1994.
On Denial of Motions for Rehearing November 9, 1994.
Gerald J. Tobin and Howard Brodsky, Miami, for appellant.
Markus & Winter and Robert O. Schwarz, Miami, for appellee Dr. Ana Rivas-Vazquez.
Before NESBITT, GERSTEN and GODERICH, JJ.
On Denial of Motions for Rehearing and Attorneys' Fees November 9, 1994.
ORDERED that appellee Dr. Ana Rivas-Vazquez's motion to dismiss appeal is granted and this non-final appeal from the Circuit Court for Dade County, Florida, is hereby dismissed.
NESBITT, GERSTEN and GODERICH, JJ., concur.

ON MOTION FOR REHEARING AND ATTORNEYS' FEES
GERSTEN, Judge.
Appellant seeks a rehearing on this court's order to dismiss his non-final appeal. Appellee seeks attorneys' fees based upon Florida Rule of Appellate Procedure 9.410. We deny the motions.
Appellant appealed a non-final order directing him to pay an expert witness fee prior to the taking of the expert's deposition. We first determined that the appealed order was not an appealable non-final order under Florida Rule of Appellate Procedure 9.130(a)(3). Next, we explored whether this improperly filed appeal could properly be reviewed as a petition for writ of certiorari, pursuant to our authority to treat a cause "as if the proper remedy had been sought." Fla. R.App.P. 9.040(c); see Pridgen v. Board of County Comm'rs of Orange County, 389 So.2d 259 (Fla. 5th DCA 1980), review denied, 397 So.2d 777 (Fla. 1981).
A petition for writ of certiorari is an extraordinary remedy to be granted only upon the showing of a departure from from the essential requirements of the law which causes material injury for which there is no adequate remedy by appeal. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987). Here, the trial court did not depart from the essential requirements of the law. Florida Rule of Civil Procedure 1.390(c) provides that "[t]he court shall also determine a reasonable time within which payment must be made, if the dependent and party cannot agree."
We also found that there was an adequate remedy by plenary appeal where, as here, movants were required to pay costs in compliance with a court order. See Malone v. Costin, 410 So.2d 569 (Fla. 1st DCA 1982); *742 Ford Motor Co. v. Edwards, 363 So.2d 867 (Fla. 1st DCA 1978). Therefore, because we determined that the non-final order was not appealable and could not properly be treated as a petition for writ of certiorari, we dismissed the appeal.
For these same reasons, we deny the motion for rehearing. We also deny appellee's motion for attorney's fees as sanctions under Florida Rule of Appellate Procedure 9.410 because we do not find this appeal frivolous or in bad faith. See Dubowitz v. Century Village East, Inc., 381 So.2d 252 (Fla. 4th DCA 1979).
Motion for rehearing denied; motion for attorney's fees denied.