GERSTEN, Judge
(dissenting).
I respectfully dissent. I would deny cer-tiorari because the trial court properly exercised its discretion in sentencing the defendant to ninety days incarceration. Absent a departure from the essential requirements of law, there are no grounds, other than second guessing a trial court, to grant certiorari.
Certiorari is an extraordinary remedy and a petition should only be granted where there is a clear violation of an established principle of law resulting in a miscarriage of justice. Combs v. State, 436 So.2d 93 (Fla.1983). See Conahan v. Department of Highway Safety and Motor Vehicles, Bureau of Driver Imp., 619 So.2d 988 (Fla. 5th DCA 1993); Florida Sheriffs’ Self-Insurance Fund v. Escambia County, 585 So.2d 461 (Fla. 1st DCA 1991).
In sentencing the defendant, the trial court weighed the same evidence that the jury heard. The jury convicted the defendant of reckless driving based upon testimony of a Metro-Dade police sergeant and a D.E.A. agent who observed the defendant weaving across four lanes of traffic on the Palmetto Expressway at a high rate of speed. Concerned that the defendant would cause a serious accident, the sergeant called in the defendant’s license plate number and requested that a uniformed officer pull the defendant over. The D.E.A. agent observed these events unfold and, believing that' the defendant was endangering human life, activated his emergency equipment thus commencing pursuit of the defendant. The defendant continued to race down the expressway, ignoring the whirling lights darting out from the agent’s vehicle.
This snippet of testimony alone, clearly supports the sentence imposed by the trial court and, more importantly, demonstrates no departure from the essential requirements of law sufficient to grant certiorari review. See Valenzuela v. Valenzuela, 648 So.2d 741 (Fla. 3d DCA 1994); Anderson By and Through Anderson v. Lore, 618 So.2d 369 (Fla. 1st DCA 1993); American Southern Co. v. Tinter, Inc., 565 So.2d 891 (Fla. 3d DCA 1990); S.Y. v. McMillan, 563 So.2d 807 (Fla. 1st DCA 1990). Flowing logically to this case, where the sentence is legally within the range prescribed by statute, this court should defer to the trial court’s sentencing *631 determination. See State v. Peterson, 667 So.2d 199 (Fla.1996).
Although the majority characterizes the trial judge as having “expressed some unhappiness” when the defendant requested a jury trial, this characterization is misplaced. The majority overlooks the fact that the State pushed for the jury trial while the defendant’s counsel willingly agreed to a bench trial.
The majority also suggests that the trial court’s bias is evidenced by the fact that no accident, injury or alcohol related arrest resulted from the incident. This line of reasoning appears to assume that a hierarchy of mitigating factors controls sentencing in this case. No such factors are contained in the language of the statute and should not be considered in the sentencing process.
In conclusion, I find nothing vindictive in merely questioning a decision to proceed with a jury trial and then rendering a sentence within legislative statutory parameters. Just because the majority “would rule differently does not justify in itself the exercise of certiorari jurisdiction.” State v. Shaw, 643 So.2d 1163 (Fla. 4th DCA 1994). Appellate courts must remain detached, neutral and unemotional in such matters. The bottom line is, appellate courts should not fiddle with completely legal sentences. I would deny certiorari review. See State v. Joines, 549 So.2d 771 (Fla. 3d DCA 1989); Leon County v. Mitchell, 611 So.2d 104 (Fla. 1st DCA 1992).