687 So.2d 893 (1997)
ROYAL SELECTIONS, INC., for itself and for all others similarly situate, Appellants,
v.
FLORIDA DEPARTMENT OF REVENUE, L.H. Fuchs, in his official capacity as Executive Director of the Florida Department of Revenue, and John K. Clark, in his official capacity as Palm Beach County Tax Collector on its behalf and behalf of all other County Tax Collectors In The State Of Florida, similarly situate, Appellees.
No. 95-4059.
District Court of Appeal of Florida, Fourth District.
January 29, 1997.
*894 Ronald Goodman, Boca Raton, and Harry Winderman, Delray Beach, for appellants.
Brian T. Hanlon, West Palm Beach, and Robert A. Butterworth, Attorney General, and Mark T. Aliff, Assistant Attorney General, Tallahassee, for appellees.

ON MOTION FOR REHEARING OR CLARIFICATION
PER CURIAM.
We withdraw our previously entered opinion and substitute the following:
The issue presented in this appeal is whether a declaratory judgment complaint states a cause of action when it alleges that the tax collector's collection from a tax deed applicant of title search fees incurred by the tax collector as part of the tax deed application process are unlawful and an unconstitutional exercise of legislative authority. The trial court held that it did not and dismissed the complaint. We hold that the complaint did state a cause of action and reverse.
The complaint sought to test the constitutional and statutory authority of the tax collector to collect the title search fees in connection with the application for a tax deed. As such, the appellant was entitled to have a declaratory determination of the power by which the tax collector charged the title search fee. Both the validity of statutes and the validity of administrative regulations are proper subjects for declaratory decrees. See § 86.021, Fla. Stat. (1993); City of Miami v. Fraternal Order of Police, Miami Lodge 20, 559 So.2d 627 (Fla. 3d DCA) (statute), rev. denied, 569 So.2d 1279 (Fla.1990); D & W Oil Co. v. O'Malley, 293 So.2d 128 (Fla. 1st DCA 1974) (administrative rules).
In determining that the appellant did not state a cause of action, the trial court actually construed the various ordinances and administrative rules to demonstrate that collection of the charge by the taxpayer is properly authorized by statute and regulation. But this is the very question sought to be answered in the declaratory action. A motion to dismiss a complaint for declaratory judgment is not a motion on the merits. Rather, it is a motion only to determine whether the plaintiff is entitled to a declaration of its rights, not to whether it is entitled to a declaration in its favor. Rosenhouse v. 1950 Spring Term Grand Jury, 56 So.2d 445 (Fla.1952); Hialeah Race Course, Inc. v. Gulfstream Park Racing Ass'n, 210 So.2d 750 (Fla. 4th DCA 1968); Kickliter v. National Union Fire Ins. Co., 188 So.2d 872 (Fla. 1st DCA 1966). While it may be appropriate to resolve this case on a motion for summary judgment or judgment on the pleadings, the trial court cannot dispose of it on a motion to dismiss.
We therefore reverse the order of dismissal and remand for further proceedings.
GLICKSTEIN, WARNER and GROSS, JJ., concur.