785 So.2d 734 (2001)
Dorothy DELISFORT, Appellant,
v.
PROGRESSIVE EXPRESS INSURANCE COMPANY, Appellee.
No. 4D00-2491.
District Court of Appeal of Florida, Fourth District.
May 30, 2001.
Jay Calvert Cooper of Ennis, Cooper & Paige, P.A., Naples, for appellant.
Francis A. Anania of Anania, Bandklayder, Blackwell, Baumgarten & Torricella, Miami, for appellee.
WARNER, C.J.
This is an appeal from an order compelling an appraisal in an action by an insured against her insurance company regarding damage to her automobile. Because the case does not involve disputed facts but merely contests an issue of insurance policy coverage, we reverse.
Appellant's automobile was insured under a policy issued by appellee, Progressive. In 1998, her car sustained damage. As a result, appellant made a claim against Progressive under the comprehensive property loss provisions of her insurance policy. After repairs were made at a facility authorized by Progressive, appellant was required to pay the balance that the insurance company did not pay. That included the $500 deductible and a $752.21 "betterment" deduction taken by the company. Appellant questioned the validity of Progressive's authority to take this deduction. Progressive tried to justify it based upon policy language that allowed it to consider depreciation of the vehicle.
Appellant first filed suit for breach of contract in county court alleging that Progressive *735 breached its contract with her by taking this "betterment" deduction to which it was not entitled under the policy provisions. She then refiled it as a class action in circuit court when she learned through discovery that Progressive claims adjusters routinely included this deduction on repairs. Progressive moved to compel an appraisal, asserting that there was a dispute as to the amount of the loss. The trial court granted the motion, prompting this appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v). See Intracoastal Ventures Corp. v. Safeco Ins. Co. of Am., 540 So.2d 162, 164 (Fla. 4th DCA 1989)(appraisal provisions in insurance policies are treated as arbitration provisions).
Issues of coverage are reserved to the court and are not the subject of arbitration. See State Farm Fire & Cas. Co. v. Licea, 685 So.2d 1285 (Fla.1996); J.J.F. of Palm Beach, Inc. v. State Farm Fire & Cas. Co., 634 So.2d 1089 (Fla. 4th DCA 1994). Issues for arbitration or appraisal are restricted to resolution of specific issues of actual cash values and amount of loss. See U.S. Fid. & Guar. Co. v. Romay, 744 So.2d 467, 469 (Fla. 3d DCA 1999).
While it may be debatable whether this is an issue of coverage or simply a contract construction issue, the issue presented in the underlying action is not an issue of fact. There is no disputed issue of fact as to the amount of the loss (the total repair), nor does the appellant dispute the amount of the depreciation or "betterment" deduction that the insurance company took. All she contests is the company's right to take such a deduction under the policy. This is an issue based upon construction of the policy language. It does not fall within the provision for appraisals.
TAYLOR, J., concurs.
FARMER, J., concurs specially with opinion.
FARMER, J., concurring.
While I agree with the majority that the order appointing an appraiser is in error, I think it necessary to comment further.
Initially there is the matter of jurisdiction. This is a non-final order in a civil case, so jurisdiction is always a matter of concern. The appraisal provision in the insurance policy is ultimately tied to binding arbitration as to the amount of the loss. It is true, however, that the order appointing the appraiser is notin so many wordsan order compelling arbitration. It is also true that an arbitration, if there is one, is not an arbitration of the entire case but only as to the monetary value of the loss.
Nonetheless the effect of the order requiring the insured to appoint an appraiser has the effect of compelling an ultimate arbitration as to the discrete issue of the value of the loss. Orders compelling arbitration are immediately reviewable under rule 9.130(a)(3)(C)(iv). The policy provides that the insured shall pay for its appraiser and ultimately that the insured shall bear half the cost of any arbitration. That means that the order appointing appraiser may also be understood as an injunction whose effect will in time require the insured to pay money. To that extent jurisdiction may also lie under rule 9.130(a)(3)(B). And so I agree that we have jurisdiction.
On the merits, the majority concludes that the carrier's "betterment" theory "is a coverage [e.s.] issue based upon construction of the policy language." I have some misgivings about characterizing this dispute over "betterment" as a coverage issue. Actually I don't think the carrier has denied coverage, at least in the sense that *736 it disputes whether the insured has a loss is within a coverage afforded by the policy. As I understand the carrier's position, it argues that it is entitled to a set-off of the amount by which its repairs have enhanced the value of the automobile. I do not think of that issue as one of coverage.
To me it is really a dispute over the construction of specific text in the policy that might reduce the amount of the check the carrier will have to deliver to its insured. This is not something that has to do with whether the insured has a loss covered in whole or in part by the policy, or for that matter the amount of the loss. It is simply whether other non-coverage provisions in the policy would allow the carrier to set-off against the insured's proceeds from coveragei.e., the amount of the loss that exceeds the deductiblethe amount of its claimed betterment.
The insured also argues that the carrier stipulated to the amount of the loss in the small claims action and that the parties agreed to litigate only the issue of the "betterment." But it was the insured who later filed the class-action, declaratory judgment case in the circuit court. The carrier argues that the stipulation was only for the purpose of the county court case. It is certainly debatable whether the stipulation was intended to apply to the class action case. I would not decide that issue, however, because it is unnecessary to do so.
The policy uses the terminology "the amount of a loss" in the appraisal provision in part IV (Damage to A Vehicle).[1] I do not equate "the amount of a loss" with the amount the carrier may actually have to pay its insured. Because of the deductible provision, for example, the amount paid will be less than the amount of the loss. Hence not every dispute as to the amount that must be paid necessarily involves the "appraisal" provision.
The appraisal process set forth in part IV of the policy controls only when the insured disputes "the amount of a loss." In this case it does not appear to me that there is any real dispute as to "the amount of the loss" for the water damage to the insured's auto. The insured did not challenge the amount of the loss asserted by the carrier's adjustor after the inspection of the vehicle and indeed seems to have accepted that amount as valid. The real issue between the parties is whether the carrier was entitled to set-off against the amount of the loss that exceeds the deductible the "betterment" claimed to have arisen by virtue of replacing some of the vehicle's parts with newer ones. The question of the entitlement to this set-off is not a question of deciding the amount of a loss. In this instance, the amount of the loss under the policy is "the amount necessary to repair or replace the ... damaged property with other property of like kind or quality." If they could not agree on that amount, it would be submitted to the binding arbitration of the appraisal process set out in the policy. The carrier's right to a set-off rises or falls under other policy provisionsnamely, according to the carrier, the depreciation clause.
I do agree with the majority that the carrier's position on the betterment issue is not supported by the plain meaning of policy text. As the insured points out, the term "betterment" is not mentioned anywhere in the policy, so we are not called *737 upon to construe that particular word. The depreciation clause is not capable of being read to have the "betterment" effect asserted by the carrier as its only meaningif indeed it has that meaning at all.[2] Consequently, I agree that the policy text does not support the carrier's attempt to set off $756 (as a betterment) against the amount of the loss. Because the appointment of the appraiser is inconsistent with and is actually repugnant to this construction of the policy text, I agree that it was error.
NOTES
[1] "If we cannot agree with you on the amount of a loss, then we or you may demand an appraisal of the loss. If so, each party shall appoint a competent and impartial appraiser. The appraisers will determine the amount of loss. If they fail to agree, the disagreement will be submitted to a qualified and impartial umpire chosen by the appraisers. A decision agreed to by any two will be binding."
[2] "Payments for loss under Collision, Comprehensive and Custom Parts or Equipment are subject to the following: An adjustment for depreciation an physical condition will be made in determining the limit of liability at the time of loss."