818 So.2d 562 (2002)
UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant,
v.
Steven A. MODREGON and Tanya Modregon on behalf of themselves and all others similarly situated, Appellees.
Nos. 2D01-1324, 2D01-1598.
District Court of Appeal of Florida, Second District.
February 20, 2002.
William A. Gillen, Jr., and Richard M. Zabak of Gray, Harris, Robinson, Shackelford, Farrior, Tampa; and Dwight J. Davis, Thomas F. Urban, and S. Stewart Haskins of King & Spalding, Atlanta, GA, for Appellant.
Richard J. Lantinberg of Cooper, Ridge & Beale, P.A., Jacksonville; Kenneth J. Vinale of Milberg Weiss Bershad Hynes & Lerach LLP, Boca Raton; and Janine L. Pollack and Bruce D. Bernstein of Milberg Weiss Bershad Hynes & Lerach LLP, New York, NY, for Appellees.
BLUE, Chief Judge.
In consolidated cases, United Services Automobile Association (USAA) appeals an order that denied its motion to dismiss and an order that denied its motion to compel an appraisal. We affirm the order denying the appraisal; we dismiss the appeal of the order that denied USAA's motion to dismiss.
Steven A. and Tanya Modregon have filed a class action lawsuit against their automobile insurer, USAA. They alleged that USAA has a corporate policy requiring the use of non-OEM replacement parts[1] for repairs. They further alleged that this corporate policy constitutes a breach of their insurance policy. Under the insurance policy, USAA's limit of liability for loss is "the lesser of the actual cash value of the property or part damaged or *563 stolen, or the amount necessary to repair or replace the property or part." The insurance policy defines actual cash value as "the amount which it would cost to replace the stolen or damaged property with new property of like kind and quality, less allowance for depreciation and physical deterioration." The insurance policy also states that "[i]f we and you do not agree on the amount of loss, either may demand an appraisal."
USAA filed a motion to compel an appraisal. The trial court denied the motion, holding that "the gravamen of [the] complaint challenges a policy decision by Defendant to use non-OEM parts, not the relative value of the damage to Plaintiff's vehicle" and that "[w]hether non-OEM parts are parts of `like kind and quality' is not an appropriate issue for an appraiser to determine." We have reviewed the class action complaint and agree that it states more than a disagreement over the amount of loss for the Modregons' vehicle. Accordingly, we affirm the order denying USAA's motion to compel an appraisal. See Fla. Select Ins. Co. v. Keelean, 727 So.2d 1131 (Fla. 2d DCA 1999).
As to the order denying USAA's motion to dismiss, this order is not appealable. See Fla. R.App. P. 9.130 (listing appealable, nonfinal orders but omitting orders denying motions to dismiss); RD & G Leasing, Inc. v. Stebnicki, 626 So.2d 1002, 1003 (Fla. 3d DCA 1993) (finding no interlocutory jurisdiction over order denying motion to dismiss). Therefore, we dismiss the appeal of this order.
Case 2D01-1324 is dismissed; case 2D01-1598 is affirmed.
NORTHCUTT and GREEN, JJ., Concur.
NOTES
[1] "`Nonoriginal equipment manufacturer aftermarket crash part' means an aftermarket crash part made by any manufacturer other than the original vehicle manufacturer or [its] supplier." § 501.32(3), Fla. Stat. (2000).