872 So.2d 278 (2004)
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellant,
v.
Rick SCHWEITZER and Linda Schweitzer, Appellees.
No. 4D03-2454.
District Court of Appeal of Florida, Fourth District.
March 17, 2004.
Rehearing Denied May 25, 2004.
*279 Michael R. Nelson, Craig A. Cohen, Matthew Stool of Nelson, Levine, de Luca & Horst, LLC, Blue Bell, PA, and Steven Brady, Swartz, Campbell & Detweiler, Fort Myers, for appellant.
Jeffrey Orseck of Jeffrey Orseck, P.A., Ft. Lauderdale, Brian M. Torres of Sheftall & Torres, P.A., Miami, Jack Scarola of Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, and Diran V. Seropian of Caruso & Burlington, P.A., West Palm Beach, for appellees.

ORDER DISMISSING APPEAL
KLEIN, J.
Appellee plaintiffs filed this as a class action, purporting to represent claimants for whom Nationwide specified non-original equipment manufacturer aftermarket crash parts for the repair of damaged vehicles. Nationwide requested, under the terms of the insurance policy, that plaintiffs submit their dispute to appraisal. When plaintiffs refused, Nationwide moved to compel appraisal, which the trial court denied. Nationwide appeals, but we dismiss for lack of jurisdiction.
Nationwide argues that we have jurisdiction of the order denying its motion for appraisal under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv), which authorizes appeals from non-final orders involving "the entitlement of a party to arbitration." Nationwide acknowledges Allstate Insurance Company v. Suarez, 833 So.2d 762 (Fla.2002), in which the Florida Supreme Court held that an appraisal provision for property damage in a homeowner's insurance policy was not an agreement to arbitrate. Nationwide argues that Suarez did not specifically address the appealability of an order involving appraisal and points out that courts have exercised jurisdiction over non-final appeals of orders involving appraisal prior to Suarez. See Delisfort v. Progressive Express Ins. Co., 785 So.2d 734 (Fla. 4th DCA 2001); Intracoastal Ventures Corp. v. Safeco Ins. Co. of Am., 540 So.2d 162 (Fla. 4th DCA 1989); United Servs. Auto. Ass'n v. Modregon, 818 So.2d 562 (Fla. 2d DCA 2002); U.S. Fid. & Guar. Co. v. Romay, 744 So.2d 467 (Fla. 3d DCA 1999); Fla. Select Ins. Co. v. Keelean, 727 So.2d 1131 (Fla. 2d DCA 1999).
Suarez plainly held that an appraisal provision is not an agreement to arbitrate. It follows from Suarez that an order granting or denying an appraisal is not appealable as an order involving entitlement to arbitration. Travelers Insurance Co. v. Bruns, 443 So.2d 959 (Fla.1984) (Rule 9.130, which allows appeals from non-final orders, is to be narrowly construed). The cases cited above have accordingly been overruled by Suarez on the issue of appealability of an order involving entitlement to an appraisal. We therefore dismiss the appeal.
STONE and TAYLOR, JJ., concur.