879 So.2d 67 (2004)
COTTON STATES MUTUAL INSURANCE, Appellant,
v.
Paul D'ALTO, Appellee.
No. 1D03-4313.
District Court of Appeal of Florida, First District.
July 30, 2004.
*68 Anthony J. Salzman of Moody & Salzman, P.A., Gainesville, for Appellant.
Terence J. Kann, Gainesville, for Appellee.
PADOVANO, J.
This is an appeal from a nonfinal order denying a motion to compel an appraisal under a homeowner's insurance policy. We conclude that the order is not appealable under rule 9.130(a)(3)(C)(iv) of the Florida Rules of Appellate Procedure, because it does not qualify as an order that determines entitlement to arbitration. Additionally, we are unable to afford relief by certiorari. The appellant has not shown that the trial court departed from the essential requirements of law in denying the motion to compel appraisal or that the denial of the motion will result in irreparable injury.
In September, 2002, the plaintiff, Paul D'Alto, discovered that the shower in the master bathroom of his home was leaking and he reported this to the defendant, Cotton States Mutual Insurance Company. An agent for the company examined the shower and determined that the leak was *69 producing high levels of mold in the house. Based on this finding, the plaintiff was advised to move from the master bedroom suite to the guest room.
Cotton States engaged the services of mold remediation experts, who entered the plaintiff's home in December, 2002, to conduct a more thorough investigation of the loss. In the course of the inspection, these experts allegedly caused significant damage to the home and allowed the mold infestation to spread throughout the home. According to the complaint, they exposed the interior wall by ripping down mold-contaminated drywall, piled up the drywall on the floor, and failed to take adequate precautions to prevent the spread of the mold.
The plaintiff also claimed that Cotton States had insisted on unnecessary inspections, which delayed the repair work and added to the damage already done by the mold in his home. When the home was first inspected by the mold remediation experts, Cotton States took the position that it would not be necessary to demolish the shower in the master bathroom. Later, the company acknowledged that the shower would have to be taken out and rebuilt, but by that time it was too late to prevent the spread of the mold throughout the entire house.
In the initial version of the complaint, the plaintiff sought to recover under the insurance policy. Cotton States moved to compel an appraisal under a provision of the policy that requires the parties to submit to an appraisal of the loss if coverage is not in dispute. Before the motion was heard, the plaintiff amended the complaint to assert a series of claims against Cotton States for the damage that was done to his property during the course of the inspections. The first-party insurance claim was not included in the amended complaint.
The plaintiff argued that he was not required to submit to the appraisal process because he was not making a claim for benefits under the policy. He pointed out that the amended complaint was limited to claims against Cotton States for damage the company did during the inspections. In response, Cotton States argued that it had not denied coverage under the policy and that the only issue left in dispute was the amount of the plaintiff's loss. Thus, Cotton States contended that the claims were subject to the mandatory appraisal provision in the insurance policy.
The trial court agreed with the plaintiff and denied the motion to compel an appraisal. In support of this decision, the trial court concluded that the complaint does not seek benefits under the insurance policy, but rather that it is based on independent causes of action. The trial court reasoned that the appraisal provision did not apply, because the plaintiff was not seeking any first-party benefits under the policy. Cotton States filed a timely appeal to this court to seek review of the order denying its motion to compel an appraisal.
Jurisdiction to hear an appeal from a nonfinal order is limited to the kinds of orders referred to in rule 9.130 of the Florida Rules of Appellate Procedure. This rule is designed to reduce the number of appealable pretrial orders and to discourage piecemeal review. See Marina Bay Hotel & Club, Inc. v. McCallum, 733 So.2d 1133 (Fla. 4th DCA 1999); BE & K, Inc. v. Seminole Kraft Corp., 583 So.2d 361 (Fla. 1st DCA 1991). Given this objective, the courts have narrowly construed the scope of the rule so that it applies only to the orders it identifies as appealable orders. See, e.g., Valenzuela v. Valenzuela, 648 So.2d 741 (Fla. 3d DCA 1994); Outboard Marine Corp. v. Huggins, 583 So.2d 433 (Fla. 4th DCA 1991); Neilinger *70 v. Baptist Hospital of Miami, Inc., 460 So.2d 564 (Fla. 3d DCA 1984).
The part of the rule at issue here, subdivision (a)(3)(C)(iv), authorizes an appeal from a nonfinal order that determines "the entitlement of a party to arbitration." We have previously held that an agreement requiring the parties to submit to an appraisal is appealable under subdivision (a)(3)(C)(iv), on the theory that it is the same as an order determining entitlement to arbitration. See Florida Farm Bureau Cas. Ins. Co. v. Sheaffer, 687 So.2d 1331 (Fla. 1st DCA 1997). This was the rule in other district courts of appeal, as well. See United Servs. Auto. Ass'n v. Modregon, 818 So.2d 562 (Fla. 2d DCA 2002); U.S. Fidelity & Guar. Co. v. Romay, 744 So.2d 467 (Fla. 3d DCA 1999); Delisfort v. Progressive Express Ins. Co., 785 So.2d 734 (Fla. 4th DCA 2001). However, we conclude that the jurisdictional principle stated in these decisions is no longer valid in light of the supreme court's decision in Allstate Insurance Company v. Suarez, 833 So.2d 762 (Fla.2002).
In Suarez, the supreme court held that a panel of appraisers could not be compelled to apply the Florida Arbitration Code, because an agreement to submit to an appraisal is not the equivalent of an agreement to resolve a dispute by arbitration. 833 So.2d at 766, approving Allstate Ins. Co. v. Suarez, 786 So.2d 645 (Fla. 3d DCA 2001). The court disapproved of our opinion in Sheaffer, which involved a similar appraisal provision. Suarez, 833 So.2d at 765. Although the differences between appraisal and arbitration were discussed in Suarez in a different context, the rationale of the decision applies here, as well. As the Fourth District Court of Appeal concluded in Nationwide Mutual Fire Insurance Company v. Schweitzer, 872 So.2d 278 (Fla. 4th DCA 2004), the Suarez decision effectively overrules the line of cases allowing appeals from orders that determine the right to an appraisal. We agree with this assessment.
Based on the rationale of the Suarez decision, we hold that an order compelling an appraisal is not appealable under rule 9.130(a)(3)(C)(iv). This conclusion is one that flows from the analysis in Suarez, and it is also consistent with the language of the rule itself. Subdivision (a)(3) states that "[a]ppeals to the district courts of appeal of nonfinal orders are limited to" the orders enumerated in the rule. (emphasis added). Because the rule does not refer to an order determining the right to an appraisal, such an order could be appealable only if it were essentially the same as another kind of order that is expressly listed in the rule. It would be logical to conclude that an appraisal order is appealable under the rule if it were the functional equivalent of an order determining the right to arbitration, but that is not the case. In Suarez, the supreme court described the appraisal process as an "informal proceeding" and explained that it was not the same as arbitration.
Cotton States requested that we review the order by certiorari if we concluded that it was unappealable, but the argument made on this point amounts to no more than a mere a recitation of the standard for reviewing a pretrial order by certiorari. The entire argument is as follows: "[Cotton States] requests that if this court determines that it does not have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv), that the court treat the notice of appeal and subsequent brief as a petition for writ of certiorari for departure from the essential requirements of law which cannot be adequately remedied by appeal."
Cotton States did not explain why the order departs from the essential requirements of law or why it would result in irreparable injury, and we are not able to find support for either of these points in the record. The trial judge denied the *71 motion to compel an appraisal, because he believed that it was not yet ripe for consideration. We cannot say that this decision was incorrect, much less a departure from the essential requirements of law. Whether the plaintiff can assert claims that are independent of the insurance contract is an issue not yet raised or decided in the trial court. The order will not result in irreparable injury in any event, because the trial court may still order the appraisal. All the trial court has decided so far is that there is no pending disagreement that would be subject to the appraisal provision.
The request for relief by certiorari appears to be based on the assumption that certiorari is available if the order is not appealable. But certiorari is not a substitute for an appeal. As the court explained in Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1098 (Fla.1987), "common law certiorari is an extraordinary remedy and should not be used to circumvent the interlocutory appeal rule, which authorizes appeal from only a few types of nonfinal orders." See also Belair v. Drew, 770 So.2d 1164 (Fla.2000).
In summary, we conclude that the appeal in this case must be dismissed for lack of jurisdiction. Because the order fails to meet the requirements for review by certiorari, we also decline to grant relief by certiorari.
Appeal dismissed.
ALLEN and LEWIS, JJ., concur.