# Third District Court of Appeal

## State of Florida

Opinion filed December 9, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1952
Lower Tribunal No. 18-2084
_____

## Express Damage Restoration, LLC, etc.,
Appellant,

vs.

## First Community Insurance Company,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

The Diener Firm, P.A., and Erik D. Diener (Plantation), for appellant.

Traub Lieberman Straus & Shrewsberry LLP., and Scot E. Samis and C. Ryan Jones (St. Petersburg), for appellee.

Before EMAS, C.J., and SCALES and LOBREE, JJ.

LOBREE, J.

Express Damage Restoration, LLC (the "assignee") appeals from the trial

court's order dismissing its operative complaint against First Community Insurance Company (the "insurer"), charging error to the court's failure to render a final declaratory judgment in lieu of dismissal. We agree and reverse.

Factual and Procedural Background

The assignee contracted with the property owners of a commercial building to provide water mitigation services and conduct emergency repairs after water damage suffered in 2017. Upon the assignee's submission of invoices to the insurer, totaling $45,924.67, the latter accepted coverage but declined to pay in full, instead paying $11,234.31 and seeking appraisal as to the difference.

The assignee filed suit, initially under a breach of contract theory and, subsequently, seeking declaratory judgment. The assignee demanded a declaration that its invoices for work performed were not subject to appraisal, since they should not be interpreted as part of the "amount of loss," as provided by the policy, relying in part on Weiss v. Insurance Co. of Pennsylvania, 497 So. 2d 285 (Fla. 3d DCA 1986), and Delisfort v. Progressive Express Insurance Co., 785 So. 2d 734 (Fla. 4th DCA 2001), overruled on other grounds by Allstate Insurance Co. v. Suarez, 833 So. 2d 762 (Fla. 2002). Additionally, the assignee sought a declaration that by failing to name the assignee as payee on any and all coverage checks issued in conjunction with the subject loss, the insurer breached the assignment.

2

The insurer moved to dismiss and alternatively to compel appraisal. It argued dismissal on the basis that a provision in the policy, prohibiting any "legal action against [it]" "unless . . . [t]here has been full compliance with all of the terms of this Insurance [Policy]," made the suit unripe, since appraisal was required and the assignee had refused it. Additionally, it argued that charges for water mitigation services were subject to dispute and appraisal should be compelled. The assignee filed a response in opposition that alternatively sought summary judgment in its favor on the main issue and attempted to schedule this motion to be heard along with the insurer's motion to dismiss. The insurer moved to strike the notice of hearing and alternatively to continue any hearing on the assignee's motion.

At the hearing on the insurer's motion to dismiss, the trial court refused to consider the assignee's motion for summary judgment, although the insurer welcomed a ruling on it, arguing that the record evidence required its denial. The insurer primarily argued that, given the policy's language requiring the assignee's total compliance before bringing an action, as well as the policy's clear language requiring assignee's charges to be subject to appraisal as subsumed within the "amount of loss," suit was "premature and must be dismissed [for] the appraisal . . . process [to] continue. . . ." The assignee responded that the phrase "amount of loss" was not defined in the policy and was subject to opposing interpretations. Ultimately, the trial court rejected the assignee's reading of the policy, finding: "the

3

'amount of loss' as the term is used in the appraisal provision includes the amount incurred performing water mitigation. As a result, the appraisal provision applies." Although the insurer had asked the trial court to temporarily "dismiss the case, send it to appraisal, and then, if there are coverage issues later . . . that would be something the parties would have to address," the trial court instead dismissed the complaint, reserving jurisdiction only to determine attorney's fees.

Standard of Review

We review de novo an order dismissing a declaratory judgment count for failure to state a cause of action. People's Tr. Ins. Co. v. Franco, 45 Fla. L. Weekly D879 (Fla. 3d DCA Apr. 15, 2020) (quoting Romo v. Amedex Ins. Co., 930 So. 2d 643, 647 (Fla. 3d DCA 2006)). Such review is mandated because "the trial court rules on that motion as a matter of law." Ribaya v. Bd. of Trs. of City of Pension Fund for Firefighters & Police Officers in City of Tampa, 162 So. 3d 348, 352 (Fla. 2d DCA 2015). Although the parties correctly note that such orders may also be reviewed for abuse of discretion, that is only when, pursuant to its gatekeeping functions, the trial court "dismiss[es] an action that technically states a cause of action when the circumstances do not justify using legal resources to try the factual issue and resolve the legal questions." Id. at 353.

4

The assignee's only argument on appeal is that the trial court erred in dismissing the complaint "without entering a declaratory judgment addressing whether the policy contains an agreement to appraise an incurred expense," and without entering a declaratory judgment regarding whether the insurer breached the assignment by paying benefits assigned to the assignee to the insured and waived any right to appraisal. This line of argument charges error to the trial court in reaching the merits of the suit instead of merely addressing the question of whether a cause of action was stated. However, the assignee also argues that it never waived its right to obtain a ruling on its summary judgment motion and that the trial court erred by dismissing the action instead of addressing its merits.

"A motion to dismiss a complaint for declaratory judgment is not a motion on the merits. Rather, it is a motion only to determine whether the plaintiff is entitled to a declaration of rights, not to whether it is entitled to a declaration in its favor." Romo, 930 So. 2d at 648 (quoting Royal Selections, Inc. v. Fla. Dep't of Revenue, 687 So. 2d 893, 894 (Fla. 4th DCA 1997)). Upon review, the record shows that the assignee's complaint stated a cause of action for declaratory relief as to whether charge for its services fell under the category of "amount of loss" and was subject to appraisal. "This is an issue based upon construction of the policy language," which "does not fall within the provision for appraisals." Delisfort, 785 So. 2d at 735.

5

In granting the insurer's motion to dismiss, to the extent that the trial court decided the very question of construction that was the subject of the declaratory action, the assignee is correct that the court procedurally erred in failing to deny the motion pursuant to Royal, 687 So. 2d at 894 (holding that, "[i]n determining that the appellant did not state a cause of action, the trial court actually construed the various ordinances and administrative rules [at issue]," which "is the very question sought to be answered in the declaratory action," and that "the trial court cannot dispose of it on a motion to dismiss"); see also Travelers Ins. Co. v. Emery, 579 So. 798, 799 (Fla. 1st DCA 1991) (reversing final judgment denying declaratory relief and remanding for trial court to determine coverage issue requiring construction of insurance policy).

The insurer argues that the result reached by the trial court can be alternatively affirmed, since, as the Royal court explained, it would have been "appropriate to resolve this [type of] case on a motion for summary judgment or judgment on the pleadings." 687 So. 2d at 894. It observes that, had the trial court accepted the assignee's invitation to rule on its motion for summary judgment, the trial court could have denied it and found in favor of the insurer instead, since the amount due to the assignee for its mitigation services is encompassed by the "amount of loss" and is subject to appraisal. Cf. State Farm Fla. Ins. Co. v. Unlimited Restoration Specialists, Inc., 84 So. 3d 390, 393-94 (Fla. 5th DCA 2012) (quashing order

6

denying motion to dismiss and alternatively compel appraisal in suit by assignee against insurer for failure to pay mitigation invoices, where trial court erroneously found that appraisal clause did not apply because insurer's acts waived its application by participating in mediation process).

Even if correct,[1] the insurer cannot profit from changing its position below, where it opposed in writing and at the hearing any consideration of the assignee's motion as violative of Florida Rule of Civil Procedure 1.510(c). See S. Fla. Coastal Elec., Inc. v. Treasures on Bay II Condo Ass'n, 89 So. 3d 264, 269 (Fla. 3d DCA 2012) (party may not take inconsistent positions in separate judicial proceedings and thus cause prejudice to its adversary). We do not find the error to be harmless under these circumstances.

Accordingly, we reverse and remand for further proceedings in conformity with this opinion.

---

[1] We express no view on the merits of the assignee's construction of the policy generally or the phrase "amount of loss" in particular.