# GUSTAVUS C. PEARSON
## v.
## JAMES SANDERSON.

*Landlord and Tenant—Improvements by Lessee—Value of—Appraisal at Termination of Lease—Notice—Arbitration—Instructions—Interest.*

1.  An agreement between landlord and tenant whereby the former is to take, at the termination of the lease, improvements erected thereon by the

latter and pay therefor the sum named by appraisers to be mutually agreed upon, is not a submission to arbitration, and no notice to the parties is necessary before making the appraisement, unless the lease so provides.

2. In the case presented, interest was properly allowed on the amount of the appraisal after notice to the defendant and request to pay such amount.

[Opinion filed May 25, 1888.]

APPEAL from the Circuit Court of Vermilion County; the Hon. C. B. SMITH, Judge, presiding.

Mr. J. B. MANN, for appellant.

The view taken by appellant, of this case, is that the so-called appraisers were in fact, arbitrators, and that their actions should have been in all respects governed by the rules affecting arbitrations. It was upon this theory that the special pleas were interposed, and the action of the court in sustaining the demurrer to such pleas is the principal error relied upon by the appellant for a reversal of the judgment below.

The law has no regard for the particular nomenclature adopted by parties in entering into contracts, but will give to the language employed its proper legal signification. If, therefore, the so-called appraisers are in fact arbitrators, the courts will so treat them and define their duties accordingly. Van Cortland v. Underhill, 17 Johns. 405 ; Lanman v. Young, 31 Pa. St. 306.

. The rule requiring notice of the hearing is without exception, and if there has been no such notice there can not be a legal hearing or a valid award. Morse on Arbitration and Award, 118.

The appraisers in the case at bar had necessarily to decide many more questions than the mere value of property. Before any award could possibly be made by them, it was imperatively necessary that they should agree upon the following matters. (1.) What improvements were made on the leased premises by appellee? (2.) Were such improvements permanent? (3.) Were such improvements authorized by the terms of the lease? (4.) What was the fair cash value of such

improvements, and as an incident thereto what value did they add to the premises?

I think it is giving to their duties no undue or strained construction, to say that they were charged with the determination of each of said questions. The lease provides that the persons to be chosen shall determine the then cash value of the permanent improvements made by the lessee, etc. It therefore was very material that they should determine and decide who made the improvements.

Mr. F. BOOKWALTER, for appellee.

An arbitration is defined to be the investigation and determination of matter or matters of difference between contending parties, by one or more unofficial persons chosen by the parties, and called arbitrators. 3 Sharswood's Bl. Com. 16; Norton v. Gale, 95 Ill. 533.

It will be seen that arbitrations refer to matter in dispute between contending parties, at the time the contract is made, in regard to the selecting of arbitrators. The appointment of appraisers is for the purpose of avoiding any difference between the parties. In the case at bar the parties contemplated by their contract that appellee should go upon appellant's premises and occupy them for five years; in the meantime that he should make permanent improvements thereon, and that all of said improvements that he left on said premises at the end of the five years should be paid for by appellant, at a price fixed by appraisers. Now, it will be seen that the element of matters in dispute is absent, and also contending parties, as contemplated in cases of arbitration. There was no necessity for it, nor was it intended by the parties to the contract, nor would it have been proper for the appraisers to have been sworn like arbitrators are usually sworn, nor would it have been the proper thing for the appraisers to do to have had witnesses sworn and proceeded as arbitrators. If they had done so then the appellant would have objected more strenuously than he now does. He then, no doubt, would have contended that they were acting only as appraisers. Appellant at no time asked the appraisers to proceed as arbitrators. Calling this matter an arbitration and the appraisers

arbitrators is purely an afterthought on the part of the appellant.

That the matter in question was not an arbitration and not to be governed by the rules regulating arbitrators, has been conclusively settled in this State by a long line of decisions. The Board of Trustees of the Illinois and Michigan Canal v. Lynch, 5 Gilm. 521; McAvoy v. Long, 13 Ill. 147; Snell et al. v. Brown, 71 Ill. 133; Korf v. Lull, 70 Ill. 420; Norton v. Gale, 95 Ill. 533.

No notice is necessary to the parties, because they are bound to take notice of the acts of the appraisers. McAuley v. Carter, 22 Ill. 53; Norton v. Gale, 95 Ill. 533.

The finding of the appraisers draws interest at the rate of six per cent. per annum from the time it was made. Downey v. O'Donnell, 92 Ill. 559.

WALL, J. This was an action of assumpsit, by appellee against appellant. Appellee recovered a judgment for $1,724.71 and costs. The main question in the case arises upon the construction of the contract set out in the declaration.

That contract was executed by the parties to the suit on the 28th of April, 1881, and provided that in consideration, etc., the appellant leased to appellee for the term of five years certain lots in Danville, upon which to erect a mill and dwelling house. It also provided, among other things, that at the end of the term the value of the improvements should be fixed by appraisers (each party to select one, and the two, if not able to agree, to select a third), and the valuation decided upon by two of the three appraisers should determine the amount to be paid by appellant to appellee for said improvements. It is clear from the language of the contract, which is thus summarized, that the lessor was bound to pay for the improvements the sum ascertained by such appraisement. It is insisted by appellant that the proceeding thus provided for was an arbitration in legal effect, and that it was necessary to the validity of the appraisement that notice should be given of the investigation, and that, in all respects, the actions of

the appraisers should be governed by the rules affecting arbitrations. The Circuit Court held otherwise, and we concur in the ruling. The subject involved was very fully discussed in Norton v. Gale, 95 Ill. 533, and we deem it unnecessary to say more than that in our judgment the principles there announced are decisive of this case. Stose v. Hussler, 120 Ill. 433, and cases there cited. This disposes of the controversy in chief. There were some questions of fact, which were solved by the jury against appellant, but they call for no special notice here.

It is argued the court erred in advising the jury by instruction that the plaintiff might recover the appraised value of all permanent improvements, and that in this respect the inquiry should have been limited to the value of the mill and dwelling house. We think the court properly construed the contract in this respect, and that, as applied to the facts in proof, the instruction was right. It is also insisted there was error in allowing interest on the amount of the appraisement, after notice to the defendant and request to pay. In this we are disposed to agree with the Circuit Court. Downey v. O'Donnell, 92 Ill. 559; Sec. 2, Ch. 74, R. S. The judgment will be affirmed.

*Judgment affirmed.*