158 So.2d 817 (1963)
PREFERRED INSURANCE COMPANY, a Michigan corporation, Appellant,
v.
RICHARD PARKS TRUCKING CO., Inc., a Florida corporation, and S.W. Martin, Appellees.
No. 3995.
District Court of Appeal of Florida. Second District.
December 11, 1963.
James Adams, of Jones, Adams, Paine & Foster, West Palm Beach, for appellant.
Phillip Anderson, of Anderson, Hope & Kapner, Palm Beach, for appellees.
ALLEN, Judge.
The plaintiffs, who are appellees here, brought this action against the appellant seeking to enforce an award executed by one of the appraisers and an umpire as set up under the provisions of the insurance contract. The court, sitting without a jury, entered a final judgment for the plaintiffs. The defendant insurance company appeals.
The insurance contract provided for protection for accidental loss caused by collision between insured vehicles and other vehicles or objects. On May 17, 1962, one of these insured vehicles, a refrigerated tractor-trailer unit, was damaged in a collision in Ohio. All claims were settled between the parties, except for the property damage claim for injury to the trailer and the refrigeration units. A dispute arose between the parties in regard to the amount of this particular loss.
A provision of the insurance contract provided, in effect, that when such disputes arose concerning the amount of the property damage, the dispute should be submitted to appraisers. In accordance with the terms of the policy, the plaintiff-appellees made a written demand for an appraisal and selected one Baker as their appraiser. The defendant-appellant selected one Linker as its appraiser. Selected as the umpire was one Dixon. Each of *818 these three appraisers had previously examined the damaged units and given repair estimates thereon.
On September 17, 1962, a Mr. Roemer, a general insurance agent acting as "agent" for both parties, called a meeting of the three above-named appraisers, a Mr. Timbers, and himself. According to the defendant-appellant, this was a luncheon meeting held at Mr. Roemer's expense at the Toledo Club in Toledo, Ohio, and the meeting was called by Mr. Roemer to "help get the claim settled," and not for the purpose of holding a formal appraisal. According to the plaintiff-appellees, however, "there is substantial testimony that the meeting of the appraisers held on September 17, 1962, was for the purpose of an appraisal." According to the defendant-appellant, no decision was reached regarding the amount of the award at this meeting.
By virtue of a letter dated September 21, 1962, an alleged written award (signed by appraisers Baker and Dixon) was executed, purportedly awarding $12,320.00 to the plaintiff-appellees, based upon an alleged finding that the units in question were a total loss. In this letter it was stated that the appraisers unanimously decided that the unit was a total loss. The defendant-appellant points out that each of the appraisers had previously stated that the unit was repairable, and that Linker, the company's appraiser, was not present when the alleged award was executed, nor when the agreement was reached regarding a finding of total loss.
The appraisers and umpire that signed the award testified that the total loss value was used by the appraisers because the cost of repairs was so close to the value of the trailer that the appraisers deemed it proper to call the trailer a total loss rather than refer to the amount of repairs necessary to assure that the trailer would be put back into as good a condition as it was before the accident.
The circuit judge approved the award as made and entered judgment against the insurance company. The court, in its final judgment, stated:
"The Court heard part of the testimony, and has carefully examined the depositions, exhibits and record, with reference to all evidence submitted, and finds from the preponderance of admissible credible evidence as follows:
"1. The agent of the defendant company, Mr. Wellington F. Romer, wrote the policy for the company, was promptly apprised of the accident, advised with the plaintiff and the defendant, called a meeting of the three persons appointed under said paragraph 15, and genuinely acted to expedite the disposal of the claim by the plaintiff against the defendant.
"* * * * * *
"3. Under said paragraph 15, two appraisers were selected, and they agreed upon a third man, which the contract refers to as an Umpire. The insurance contracts require that the appraisers shall appraise the loss, and, failing to agree, shall submit their differences to the Umpire. Further, that an award in writing by any two shall determine the amount of loss. No reference is made to the law of Florida or the law of Ohio, with reference to arbitration and award, and no specific formality is required. The evidence shows that the three men were qualified experts in this particular field, and had viewed the damaged trailer in question, and had met and discussed the matter, and that two of the three men had submitted to the plaintiff and the defendant their award in writing, determining that the amount of the loss was $12,320.00. The arbitration and award thus made complies with the insurance contract and is binding upon the defendant company *819 (German Ins. Co. vs. Hazard Bank [126 Ky. 730], 104 Southwestern 725)."
In the case of German Insurance Co. v. Hazard Bank, supra, referred to by the lower court in its final judgment, the appraisers had been appointed under a clause in an insurance policy where each party selected an appraiser and these two selected an umpire to determine all matters upon which they could not agree. The appraisers, being unable to agree, the umpire and one of them fixed the damage at $2,508.38 and awarded that amount to the bank. The insurance company refused to pay the award so made and suit was brought thereon by the bank. The Court, in its opinion, said:
"The award sued on is assailed on the ground that Jesse Morgan, the appraiser selected by the bank, was a stockholder and director therein, and one of its attorneys at the time he acted as appraiser, and that A.S. Henry, who was the umpire selected, was incompetent to act, and that the award made by Morgan and Henry was not signed in the presence of Williams, the other appraiser; and for the additional reason that the umpire, Henry, did not rely upon his own judgment as to the amount of damage, but consulted with an outside person, a professional carpenter whom he secured to come from Lexington, Ky., and view the premises. The appellant wholly failed to establish by any evidence that Morgan was an incompetent appraiser, or interested in the bank at the time he was chosen and acted as appraiser, but, on the contrary, its evidence affirmatively disproves the disqualification of the appraiser relied on. In so far as Henry, the umpire, was concerned, we think his position and action in the premises are not subject to adverse criticism. The evidence shows that he was an experienced man of affairs, although not a professional builder or carpenter. He notified the two appraisers who selected him that he would only agree to act upon the condition that he could call in an expert builder to consult with and advise him as to the amount of the loss. As a proposition of law, such a course is reasonable and proper; for after all the appraiser exercises his own judgment in the premises, and either accepts or rejects the advice he may receive, as he sees proper. Hall v. Norwalk Fire Insurance Co., 57 Conn. 105, 17 Atl. 356; Bangor Savings Bank v. Niagara Fire Insurance Co., 85 Me. 68, 26 Atl. 991, 20 L.R.A. 650, 35 Am.St.Rep. 341. The fact that the umpire and one of the appraisers made the award is in accordance with the terms of the policy, which, on this subject, is as follows: `The said appraisers shall first select a competent and disinterested umpire, who shall act with them in matters of differences only. The award of any two of them, made in writing, in accordance with this agreement, shall be binding upon both parties to this agreement as to the amount of the loss.' This disposes of the whole of appellant's defense, and we are of opinion that the trial court correctly awarded the bank a peremptory instruction, at the close of defendant's evidence, to find for it the amount awarded."
The appraisal clause, Section 15, in the contract involved in this case is very similar to the appraisal clause in the case of German Insurance Company v. Hazard Bank, supra, and provides:
"* * * The appraisers shall first select a competent and disinterested umpire, * * * The appraisers shall then appraise the loss, stating separately the actual cash value at the time of loss and the amount of loss, and failing to agree shall submit their differences to the umpire. An award in writing of any two shall determine the amount of loss. The named insured and the company shall each pay *820 his or its chosen appraiser and shall bear equally the other expenses of the appraisal and umpire."
It is not disputed by the appellant that this is an appraisal proceeding and not "arbitration and award." The appellant states in its reply brief:
"* * * Appellees merely point out that an appraisal need not be conducted with the formalities of an arbitration, which fact Appellant concedes in its main brief, and further states that appraisal procedure is `informal.'"
In the case of Cassara v. Wofford, Fla. 1951, 55 So.2d 102, in an opinion by Mr. Justice Roberts, it is stated:
"We wish to make clear that we do not impute corrupt motives to the umpire and the arbitrator selected by the lessor, but believe rather that their actions were the result of a misapprehension as to their duties under the law. From what appears in the record, we think that the umpire considered himself a mere appraiser, rather than an arbitrator; and it is generally held that the rule requiring notice and a hearing does not apply in those cases where the arbitration is really only a reference to experts to determine the intrinsic quality or value of an object upon their own knowledge as experts. See Seldner Corp. v. W.R. Grace & Co., D.C., 22 F. Supp. 388, citing City of Omaha v. Omaha Water Co., 218 U.S. 180, 184, 30 S.Ct. 615, 54 L.Ed. 991."
The distinctions between arbitration and appraisement are noted in 5 Am.Jur.2d, Arbitration and Award, § 3, p. 520:
"§ 3. Distinctions  appraisement.
"Although, because certain of the rules of law that apply to arbitration also apply to appraisement, the two are often confused, arbitration and appraisement are not the same. Indeed, arbitration should not be confused with what takes place in any case where parties refer to selected persons some ministerial duty or some matter involving only the ascertainment of facts, requiring neither hearing nor exercise of judicial discretion.
"An agreement for arbitration ordinarily encompasses the disposition of the entire controversy between the parties upon which award a judgment may be entered, whereas an agreement for appraisal extends merely to the resolution of the specific issues of actual cash value and the amount of loss, all other issues being reserved for determination in a plenary action before the court. Furthermore, appraisers are generally expected to act on their own skill and knowledge; they may reach individual conclusions and are required to meet only for the purpose of ironing out differences in the conclusions reached; and they are not obliged to give the rival claimants any formal notice or to hear evidence, but may proceed by ex parte investigation so long as the parties are given opportunity to make statements and explanations with regard to matters in issue. Arbitrators, on the other hand, must meet together at all hearings; they act quasi-judicially and may receive the evidence or views of a party to the dispute only in the presence, or on notice to, the other side, and may adjudge the matters to be decided only on what is presented to them in the course of an adversary proceeding.
"Whether the procedures required are those of an arbitration or of an appraisal is to be found from the intent of the disputants or from the character of the questions and issues to be answered, or both. However, where the agreement so contemplates, the results of an appraisal may be just as binding as the award of arbitrators."
*821 We find that the lower court had substantial, competent evidence to sustain the award made by one of the appraisers joined by the umpire. The able circuit judge had the power and the duty to determine the factual questions involved in this case and we find no error in his decision.
Affirmed.
SMITH, C.J., and BARKER, ROGER, Associate Judge, concur.