735 So.2d 587 (1999)
LIBERTY MUTUAL FIRE INSURANCE COMPANY, Appellant,
v.
Andres Jose HERNANDEZ and Rosanna Andujar Hernandez, his wife, Appellees.
No. 99-69.
District Court of Appeal of Florida, Third District.
June 30, 1999.
O'Connor & Meyers and David R. Cassetty, for appellant.
Harold B. Klite Truppman, for appellees.
Before JORGENSON, COPE and LEVY, JJ.
COPE, J.
The question before us is whether Rule 11.010, Florida Rules for Court-Appointed Arbitrators, applies in an appraisal proceeding. We conclude that it does not.
The appellees are the insureds under a homeowners insurance policy issued by the appellant. After a loss occasioned by Tropical Storm Gordon, the parties were unable to agree on the amount of loss.
The insurance policy contained a customary appraisal clause,[1] and the insurer *588 invoked it. The parties' chosen appraisers were unable to agree on an umpire. Pursuant to the appraisal clause, the insureds petitioned the circuit court for appointment of an umpire.
The trial court initially appointed a contractor to serve as umpire, but the insureds objected that the umpire must be a member of The Florida Bar. The trial court vacated the initial appointment and selected a retired judge. The insurer has appealed.[2]
Rule 11.010, Florida Rules for Court-Appointed Arbitrators, provides:
Rule 11.010. Qualification
Arbitrators shall be members of The Florida Bar, except where otherwise agreed by the parties. The chief arbitrator shall have been a member of The Florida Bar for at least 5 years. Individuals who are not members of The Florida Bar may serve as arbitrators only on an arbitration panel and then only upon the written agreement of all parties.
Rule 11.020 further requires that court-appointed arbitrators must attend four hours of approved training, unless exempt or a waiver is obtained.[3]
The insureds argue, correctly, that appraisal clauses have been construed as being a type of arbitration clause. See, e.g., Preferred Mutual Insurance Co. v. Martinez, 643 So.2d 1101, 1102 (Fla. 3d DCA 1994).
The underlying question is whether, when adopting Rule 11.010, the Florida Supreme Court intended that the Rule apply to appraisal, as well as arbitration. We do not think so. Elsewhere the same rules define arbitration as follows: "Pursuant to chapter 44, Florida Statutes, arbitration is a process whereby a neutral third person or panel considers the facts and arguments presented by the parties and renders a decision which may be binding or non-binding." Fla. R. Arb. 11.030(b) (emphasis added); see § 44.104(8), Fla. Stat. ("The hearing shall be conducted by all of the arbitrators, but a majority may determine any question and render a final decision.").
We think the court's intent in adopting this rule was to make provision for the appointment of arbitrators in trial-type arbitration, not appraisal. Where the arbitration panel is to hear the facts and arguments presented by the parties, legal training is valuable. In that situation, Rule 11.010 requires the court appointee to be a Bar member.
Although appraisal clauses are treated as arbitration clauses for most purposes, the two processes are not identical. "`[A]ppraisers are generally expected to act on their own skill and knowledge; they may reach individual conclusions and are required to meet only for the purpose of ironing out differences in the conclusions reached[.]'" Preferred Insurance Co. v. Richard Parks Trucking Co., 158 So.2d 817, 820 (Fla. 2d DCA 1963) (citation omitted). If the court in adopting Rule 11.010 intended it to cover appraisal, the court would have said so.
The appraisal clause in this case provides that "[t]he appraisers will separately set the amount of loss. If the appraisers *589 submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire." (Emphasis added). Whether the party-appointed appraisers visit the premises together or separately, the clause contemplates inspection and valuation by each appraiser individually, not a trial-type hearing.
The practical issue is whether, in appointing an umpire pursuant to an appraisal clause, the trial court is allowed to select a person with appropriate expertise, even if the appointee is not a lawyer. We think the answer is yes, and that the trial court had the authority in this case (as the court originally ruled) to appoint a well-qualified contractor.
Having said that, we also think that the trial court is allowed to consider appointing a retired judge or an attorney who has appropriate experience in the subject area which is being appraised. It was the trial court's view that the retired judge had such experience. We do not understand the insurer to disagree, but the insurer expressed a strong preference that the umpire should be a construction professional.
The question remains how to proceed in the case now before us. During the pendency of the appeal, the umpire, over the insurer's objection, proceeded to resolve the difference between the two appraisals, so that the appraisal work has now concluded. The insurer's motion for stay in this court was denied. The question is whether to reverse the order appointing the umpire and remand for further proceedings.
We note that in one of the hearings below the trial court acknowledged that the insurer may be correct in saying that the trial court was not bound to appoint a lawyer or retired judge under Rule 11.010. The court's position was that, even if that were true, the court would in this case adhere to the appointment of the retired judge, who the court felt was qualified in any event.
Upon review of the record, we conclude that it would be a futile act to vacate the appointment of the umpire. The insurer has not argued that the umpire is unqualified, nor has the insurer suggested that there is any ground for disqualification. The trial court's statements make it plain that if we were to vacate this appointment order and remand for further consideration in light of this opinion, the trial court would reappoint the retired judge. For that reason, we decline to disturb the appointment.
Affirmed.
NOTES
[1] The appraisal clause provides:

APPRAISAL. If you and we fail to agree on the amount of loss, either may demand appraisal of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the State where the `residence premises' is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss. Each party will pay its own appraiser and bear the other expenses of the appraisal and umpire equally.
[2] Because the sole substantive relief requested by the petition was the appointment of an umpire, the order making the appointment was a final order and has been appealed as such.
[3] Former Florida trial judges are exempt from the training requirements "upon submission of documentation of such experience to the chief judge. The supreme court or chief justice may grant a waiver of the training requirement to any group possessing special qualifications which obviate the necessity of such training." Id.