736 So.2d 761 (1999)
James HOENSTINE and Kathi Hoenstine, Appellants,
v.
STATE FARM FIRE AND CASUALTY COMPANY, etc., Appellee.
No. 99-6.
District Court of Appeal of Florida, Fifth District.
July 2, 1999.
Randy E. Schimmelpfennig of Billings, Cunningham, Morgan & Boatwright, P.A., Orlando, for Appellants.
Andrew P. Rock and Heath B. Nailos of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, P.A., Orlando, for Appellee.
PETERSON, J.
The appellants and their insurance company were not able to agree on the values of property damaged by a tornado and the appellants filed an action for breach of the contract of insurance.
State Farm Fire and Casualty Company filed a motion to abate based upon an appraisal clause in the policy:
6. APPRAISAL. If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, independent appraiser. Each shall notify the other of the appraiser's identity within twenty (20) days of receipt of the written demand. The two (2) appraisers shall then select a competent, impartial umpire. If the two (2) appraisers are unable to agree upon an umpire within fifteen (15) days, you or we can ask a judge of a court of record in the State where the residence premises is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers fails to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two (2) of these three (3) shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.
This appeal arises from the trial court's order determining that the appraisal procedure set forth above contemplates an informal procedure rather than a formal procedure governed by the Florida Arbitration Code, sections 682.01, et seq., Florida Statutes (1997). In Florida Farm Bureau Casualty Insurance Co. v. Sheaffer, 687 So.2d 1331 (Fla. 1st DCA 1997), rev. denied, 697 So.2d 510 (Fla.1997), the court determined that an appraisal clause nearly identical to the clause in the instant case was an arbitration clause and that the Florida Arbitration Code applied. See also, State Farm Fire & Cas. Co. v. Middleton, 648 So.2d 1200 (Fla. 3d DCA 1995); Preferred Mutual Ins. Co. v. Martinez, 643 So.2d 1101 (Fla. 3d DCA 1994); Intracoastal Ventures Corp. v. Safeco Ins. Co. of America, 540 So.2d 162 (Fla. 4th DCA *762 1989), in which appraisal clauses similar to the clause in the instant case are interpreted and treated as binding arbitration agreements. We likewise find that the appraisal clause in the instant case is an arbitration clause and that the procedures set forth in the arbitration code apply. Accordingly, we vacate the trial court's order and remand to the trial court for further proceedings.
ORDER VACATED; REMANDED.
DAUKSCH and W. SHARP, JJ., concur.