786 So.2d 645 (2001)
ALLSTATE INSURANCE CO., Appellant,
v.
Luis SUAREZ and Lilia Suarez, Appellees.
No. 3D00-843.
District Court of Appeal of Florida, Third District.
June 6, 2001.
Angones, Hunter, McClure, Lynch & Williams and Christopher J. Lynch, Miami, for appellant.
John S. Cosgrove; Jeanne Heyward, Miami, for appellees.
Before LEVY, FLETCHER, and RAMIREZ, JJ.
LEVY, Judge.
This is an appeal by an insurance company from an order granting plaintiffs' *646 Motion to Confirm Appraisal Award. For the reasons set forth below, we affirm.
Plaintiffs were insured by a homeowners policy with Allstate. The policy contained the following provision:
Appraisal. If you and we fail to agree on the amount of loss, either party may make written demand for an appraisal. Upon such demand each party must select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge or a court of record in the state where the resident premises is located to select an umpire.
The appraisers shall then determine the amount of loss, stating separately the actual cash value and the amount of loss to each item. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of loss. If they cannot agree, they will submit their differences to the umpire. A written award by any two will determine the amount of loss.
On August 24, 1992, plaintiffs suffered damage to their residence and personal property as a result of Hurricane Andrew. Allstate made payment on the claim in September of 1992. The plaintiffs disputed the value of the payment by Allstate and, in June of 1997, submitted a supplemental claim. Allstate denied the claim, contending that the amount paid in September of 1992 fully reimbursed the plaintiffs for any damage caused by Hurricane Andrew. The plaintiffs filed a Complaint for Declaratory Relief and/or Petition to Compel Appraisal. The trial court granted the Petition to Compel Appraisal and appointed a neutral appraisal umpire. Two neutral arbitrators were appointed by the parties. Allstate sought a formal hearing under Florida's Arbitration Code.
The Florida Arbitration Code provides that "[u]nless otherwise provided by the agreement ... (2)[t]he parties are entitled to be heard, to present evidence material to the controversy and to cross-examine witnesses appearing at the hearing." See § 682.06, Fla. Stat. (1999). The neutral appraisal umpire determined that the Florida Arbitration Code did not apply and that the hearing should be conducted informally. As a result, Allstate was precluded from examining the plaintiffs or calling any other witnesses to testify. The umpire and two arbitrators rendered an award. The trial court entered a Final Judgment and Order Granting Plaintiffs' Motion to Confirm Appraisal Award. Allstate moved to vacate the award, arguing that the appraisal hearing was conducted contrary to the provisions of the Arbitration Code. The trial court denied the Motion to Vacate and affirmed the award. Allstate appeals.
Both parties agree that the insurance contract contained an appraisal provision for the purpose of settling disputes relating to the valuation of a loss. Such provisions are common in homeowners insurance policies. Generally, appraisal provisions are treated the same as arbitration provisions. See United States Fid. & Guar. Co. v. Romay, 744 So.2d 467 (Fla. 3d DCA 1999). Allstate argues that it was therefore entitled to have a formal appraisal conducted in the manner provided for by the Florida Arbitration Code. We disagree.
In Liberty Mut. Fire Ins. Co. v. Hernandez, 735 So.2d 587 (Fla. 3d DCA 1999), this Court stated:
Although appraisal clauses are treated as arbitration clauses for most purposes, the two processes are not identical.

*647 "`[A]ppraisers are generally expected to act on their own skill and knowledge; they may reach individual conclusions and are required to meet only for the purpose of ironing out differences in the conclusions reached[.]'"
The appraisal clause in this case provides that "[t]he appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire." ... Whether the party-appointed appraisers visit the premises together or separately, the clause contemplates inspection and valuation by each appraiser individually, not a trial-type hearing.
Id. at 588-89. (citations omitted) (emphasis omitted).
We find the reasoning in Hernandez to be persuasive. To hold otherwise would transgress the fundamental nature of an appraisal hearing. Moreover, section 682.06 applies "[u]nless otherwise provided by the agreement." Here, as in Hernandez, the agreement specifically provides for an appraisal. It is difficult to imagine that a formal arbitration hearing was within the contemplation of the parties when entering into the agreement. Therefore, the trial court was correct in upholding the neutral umpire's decision to conduct the appraisal in an informal manner. We note and certify conflict with Hoenstine v. State Farm Fire and Cas. Co., 736 So.2d 761 (Fla. 5th DCA 1999), and Florida Farm Bureau Cas. Ins. Co. v. Sheaffer, 687 So.2d 1331 (Fla. 1st DCA 1997). We find no merit in the other issues raised.
Affirmed.