FLETCHER, Judge.
Preferred National Insurance Company [Preferred] appeals a final judgment confirming an appraisal award in favor of Miami Springs Golf Villas, Inc. [Miami Springs]. We affirm.
This case arose out of a claim for windstorm damage sustained on February 2, 1998. At the time, Miami Springs was insured by Preferred under a comprehensive general commercial liability policy, which included coverage for business income loss on its declaration page, but did not list or attach an endorsement which, according to Preferred, provided the sole method for calculating such loss.
Preferred’s refusal to pay a portion of the claimed business loss led to the filing of this action in which Preferred stipulated to the existence of coverage but moved to compel an appraisal on the amount of the loss. The trial court subsequently appointed Robert Steinberg to serve as umpire after the parties’ respective appraisers were unable to reach agreement on the *1157 amount of the business loss. On June 20, 2000, the umpire filed his report awarding Miami Springs $340,320.00 in lost business income which was later confirmed by the trial court in the final judgment here appealed.
Preferred raises two issues on appeal. First, Preferred argues that the umpire’s neutrality was tainted by ex parte communications with counsel for Miami Springs and that the trial court erred in denying its motion to either interview or replace the umpire. Unlike arbitration procedures, appraisals are less formal proceedings, where the umpire independently attempts to resolve any differences in the appraisals offered by both sides. See, e.g., Allstate Ins. Co. v. Suarez, 786 So.2d 646 (Fla. 3d DCA 2001); Liberty Mutual Fire Ins. Co. v. Hernandez, 735 So.2d 587 (Fla. 3d DCA 1999); Preferred Ins. Co. v. Richard Parks Trucking Co., 158 So.2d 817 (Fla. 2d DCA 1963). We therefore see no impropriety in the umpire requesting the parties’ respective positions to aid him in resolving these differences.
Under the circumstances herein, we also can find no error in the award for business income loss. Implicit in the court’s confirmation of the umpire’s award was its determination that an endorsement which was neither listed nor attached to the insurance policy could not form part of the policy.
Accordingly, we affirm the judgment below, grant Miami Springs’ motion for attorney’s fees in the appellate proceedings, and remand with instructions to the trial court to determine the proper amount.