790 So.2d 1151 (2001)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Julian MARTINEZ, Appellee.
No. 3D00-2464.
District Court of Appeal of Florida, Third District.
July 11, 2001.
Angones, Hunter, McClure, Lynch & Williams, and Christopher Lynch, Miami, for appellant.
Mintz Truppman Clein & Higer, North Miami; Lauri Waldman Ross and Theresa L. Girten, Miami, for appellee.
Before SCHWARTZ, C.J., and COPE and FLETCHER, JJ.
FLETCHER, Judge.
Allstate Insurance Company seeks reversal of a judgment confirming an arbitration award. We affirm in part and reverse in part.
In 1992 Julian Martinez made an initial claim against Allstate for Hurricane Andrew damages, which claim Allstate paid. In 1997 Martinez made a supplemental claim for damages then invoked the *1152 appraisal clause of his policy and named his appraiser. Allstate's response was that Martinez had not complied with the policy conditions as he had failed to submit requested documentation and a sworn proof of loss; had not allowed inspection of the premises; and had not submitted to examination under oath. The record reflects that it took a substantial period of time for the policy conditions to be met by Martinez.[1]
Ultimately appraisal was ordered. Each party designated an appraiser, an umpire was appointed, and meetings were held to reach a conclusion as to the amount of loss. Prior to the meetings the trial court ruled that the appraisal process was to be conducted as an informal one, not a quasijudicial one. As a result the attorneys were not permitted to participate and no court reporter was present to prepare a record. The trial court based this ruling on its conclusion that the appraisal process was not governed by the Florida Arbitration Code, Section 682.01, et seq., Florida Statutes (2000). Ultimately the final judgment was entered, awarding to Martinez damages, as well as prejudgment interest from the date of loss, and costs.
Allstate first takes issue with the method in which the appraisal process took place; i.e., no attorney participation, no court reporter transcription, no quasi-judicial hearing. Allstate argues that the appraisal process is akin to arbitration therefore governed by the Florida Arbitration Code, and the complained-of omissions are in violation of that Code. However, appraisal and arbitration are not identical processes. Appraisers are expected to act on their expertise. They need to meet only to iron out any differences in their opinions. Allstate Ins. Co. v. Suarez, 786 So.2d 645 (Fla. 3d DCA 2001); Liberty Mut. Fire Ins. Co. v. Hernandez, 735 So.2d 587 (Fla. 3d DCA 1999). We therefore see no impropriety in the appraisal process here.[2]
Allstate's other arguments have merit. The trial court erred when it ordered prejudgment interest to be paid from the date of loss. Rather, if Martinez is entitled to prejudgment interest it is to be calculated from the termination of sixty days after the date of the appraisal award.[3]See Allstate Ins. Co. v. Blanco, 26 Fla. L. Weekly D1411 (June 6, 2001). Accordingly we reverse the award of prejudgment interest.
The trial court also erred by awarding costs to Martinez. The policy provides that each party is to pay the appraiser it chooses and equally bear all other expenses, including that of the umpire. We therefore reverse the award of costs to Martinez and remand for recalculation of costs. See Aries Ins. Co. v. Hercas Corp., 781 So.2d 429 (Fla. 3d DCA 2001).
*1153 Affirmed in part; reversed in part, and remanded for proceedings consistent herewith.
NOTES
[1] As late as September 22, 1999, the trial court continued to deny Martinez' requests to compel appraisal as Martinez had not yet complied with the policy conditions. R.132-33. Such compliance is required before a trial court compels appraisal. United States Fid. & Guar. Co. v. Romay, 744 So.2d 467 (Fla. 3d DCA 1999). The compliance issue was still raging as of February 16, 2000. R.145-46.
[2] We note and certify conflict with Hoenstine v. State Farm Fire & Cas. Co., 736 So.2d 761 (Fla. 5th DCA 1999), and Florida Farm Bureau Cas. Ins. Co. v. Sheaffer, 687 So.2d 1331 (Fla. 1st DCA), rev. denied, 697 So.2d 510 (Fla.1997).
[3] The Allstate policy gave Allstate sixty days after the date of the appraisal award within which to make payment. Martinez' argument that he should be awarded interest from an earlier date because Allstate used delaying tactics is not borne out by the record. See, e.g., footnote 1.