PER CURIAM.
We have for review the decision in Allstate Insurance Co. v. Martinez, 790 So.2d 1151 (Fla. 3d DCA 2001), in which the Third District affirmed the decision of the trial court.[1] The parties were in dispute over whether a homeowner’s insurance policy appraisal clause required formal arbitration, governed by the Florida Arbitration Code. See id. at 1152. The Third District certified conflict with the decisions in Hoenstine v. State Farm Fire & Casualty Co., 736 So.2d 761 (Fla. 5th DCA 1999), and Florida Farm Bureau Casualty Insurance Co. v. Sheaffer, 687 So.2d 1331 (Fla. 1st DCA 1997). See id. at 1152 n. 2. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
In Allstate Insurance Co. v. Suarez, 833 So.2d 762 (Fla.2002), we recently held that an identical appraisal clause in a homeowner’s insurance policy plainly provided for appraisal proceedings, and did not represent an agreement to submit to formal arbitration proceedings by the parties. Accordingly, we similarly approve the Third District’s decision in this case.
It is so ordered.
ANSTEAD, C.J., and SHAW, WELLS, PARIENTE, LEWIS, and QUINCE, JJ., concur.
CANTERO, J., recused.

. The Third District affirmed the trial court's ruling that the informal appraisal procedures were the proper resolution of this case. See Martinez, 790 So.2d at 1152. However, the Third District reversed and remanded the case, regarding the trial court’s order of prejudgment interest. See id. We do not reach a discussion of the Third District’s decision of prejudgment interest in this opinion.