[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13788

Non-Argument Calendar

_____

BRAR HOSPITALITY INC,
d.b.a. Quality Inn & Suites,

Plaintiff-Appellee,

*versus*

MT. HAWLEY INSURANCE COMPANY,
RENNAISSANCE RE SYNDICATE 1458 LLOYD'S,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Florida

D.C. Docket No. 3:22-cv-09417-TKW-ZCB

_____

Before JORDAN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Mt. Hawley Insurance and Renaissance Re Syndicate 1458 Lloyd's (collectively, "the Insurers") appeal the district court's order granting Brar Hospitality, Inc.'s, motion to compel appraisal and stay the case pending the appraisal process. This insurance contract dispute arises from Brar's first-party claim for property insurance benefits following Hurricane Sally under an insurance policy issued by the Insurers for coverage of property owned by Brar (the "Policy").

After the Insurers filed their appeal, we issued a jurisdictional question to the parties asking them to address whether we had jurisdiction to review the district court's order compelling appraisal and staying the case pending completion of the appraisal process. Then, during briefing in this appeal, this Court decided *Positano Place at Naples I Condominium Association, Inc. v. Empire Indemnity Insurance Co.*, 84 F.4th 1241 (11th Cir. 2023), in which this Court found that it lacked appellate jurisdiction over an order that compelled appraisal and stayed the proceedings pending appraisal. As explained below, we conclude that we lack jurisdiction over the district court's order compelling appraisal and staying the proceedings pending appraisal for the reasons stated in our recent decision in *Positano Place*. Accordingly, we dismiss this appeal.

# I.    RELEVANT BACKGROUND

We presume that the parties are familiar with the facts of the case and only discuss those facts necessary for resolution of the appeal.  The Insurers issued the Policy to Brar for coverage of property located in Pensacola, Florida, which operates as a hotel (the "Property").  Of relevance here, the Policy contained an appraisal provision stating that, if the parties disagreed on the value of the Property or the amount of loss, either party could make a written demand for appraisal.  The appraisal provision also provided that, if there was an appraisal, the Insurers retained their right to deny the claim.

In September 2020, Hurricane Sally made landfall west of the Property.  Brar subsequently filed a first-party claim for property insurance benefits under the Policy, claiming that Hurricane Sally damaged the Property and the damage was covered by the Policy.  The Insurers hired a third-party company to inspect the Property.  Following the inspection, the company reported that only some of Brar's claimed damages to the Property was storm-related.  Relying on this report, the Insurers informed Brar on November 30, 2020, that the cost to repair damage potentially attributable to Hurricane Sally did not exceed the Policy's deductible of $262,287.48.  More than a year later, Brar presented the Insurers with a proof of loss totaling over $3,000,000, along with reports and proposals to repair and replace damage that the Insurers had found was not covered by the Policy.  Brar subsequently demanded appraisal.

The parties did not resolve the dispute, and Brar filed a complaint against the Insurers in Florida state court for breach of contract, alleging that the Insurers had breached the Policy by refusing to timely provide adequate compensation for the damage to the Property under the Policy's terms. Brar then moved to compel appraisal and stay the proceedings in state court. On December 23, 2022, the Insurers removed the action to federal court on the basis of diversity jurisdiction.

Following the Insurers' removal, the Insurers filed an answer and affirmative defenses, in which they raised various coverage defenses against Brar. Brar then moved to compel appraisal under the Policy's appraisal provision and stay the proceedings pending appraisal in federal court. The district court granted Brar's motion. Of relevance to this appeal, the district court noted that, under Florida law, "causation is an amount-of-loss issue for the appraisers where the insurer determines that there has been a covered loss and merely disputes that all of the claimed damages are covered." The district court noted that the Insurers had admitted that the Property had suffered damage from a covered peril and that a portion of the damage was covered under the Policy. Thus, the district court explained, "the parties' dispute as to whether and to what extent the loss claimed by Plaintiff is covered under the policy is an amount-of-loss issue for the appraisers." As a result, the district court ordered the parties to submit their disagreement on the amount of loss to an appraisal in accordance with the Policy, (2) stayed the case pending completion of the appraisal process, and (3) ordered the parties to file a joint report within ninety days of its

22-13788               Opinion of the Court                    5

order detailing the status of the appraisal process and any need for further proceedings in the court.

This appeal ensued. After the Insurers filed their notice of appeal, we issued a jurisdictional question to the parties asking them to address whether we had jurisdiction to review the district court's order compelling appraisal and staying the case pending appraisal, including whether such an order should be treated like an order compelling arbitration under the Federal Arbitration Act ("FAA") or an order granting an injunction. We carried the jurisdictional issue with the case and now address it in this opinion.

## II.    STANDARD OF REVIEW

We review *de novo* an order granting a party's motion to compel appraisal. *Positano Place*, 84 F.4th at 1247. We also review *de novo* our appellate jurisdiction. *Id.*

## III.    ANALYSIS

"We have a duty to assure ourselves of our jurisdiction at all times in the appellate process." *Thomas v. Phoebe Putney Health Sys., Inc.*, 972 F.3d 1195, 1200 (11th Cir. 2020). Thus, we must first determine whether we have jurisdiction to review the district court's order compelling appraisal and staying the proceedings pending appraisal. *See World Fuel Corp. v. Geithner*, 568 F.3d 1345, 1348 (11th Cir. 2009).

For an order to be appealable, it "must either be final or fall into a specific class of interlocutory orders that are made appealable by statute or jurisprudential exception." *CSX Transp., Inc. v. City of*

6                      Opinion of the Court                   22-13788

*Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000); *see* 28 U.S.C. §§ 1291–92. "Title 28 U.S.C. § 1291 provides us with appellate jurisdiction of final decisions of the district courts, while § 1292 provides for review of certain classes of interlocutory orders." *Positano Place*, 84 F.4th at 1248. Further, "for an order disposing of a request to compel arbitration, the FAA governs the appealability of such an order." *Id.*

We conclude that we lack appellate jurisdiction over the district court's order. We find our recent decision in *Positano Place* instructive. In *Positano Place*, we first held that an order compelling appraisal was not a final order reviewable under § 1291 because (1) the order contemplated further proceedings, (2) appraisal existed for the limited purpose of determining the amount of loss, and (3) "all issues other than those contractually assigned to the appraisal panel are reserved for determination in a plenary action." *Id.* (quoting *Citizens Prop. Ins. Corp. v. Mango Hill Condo. Ass'n*, 117 So. 3d 1226, 1230 (Fla. Dist. Ct. App. 2013)).

We also concluded that an order compelling appraisal was not appealable under one of the classes of appealable, interlocutory orders under § 1292—specifically, § 1292(a)(1), which provides for review of orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." *Id.* at 1248–49, 1254. In resolving this issue, we explained that "interlocutory appeals are inherently 'disruptive, time-consuming, and expensive'" and "are generally disfavored." *Id.* at 1248 (quoting

*Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1276 (11th Cir. 2000)).

As a threshold matter, we determined that the order compelling appraisal was not an "explicit grant of an injunction." *Id.* at 1249. In doing so, we noted that: (1) the insured had "simply moved to compel appraisal" based on the insurance policy's appraisal provision, and had not moved for an injunction nor sought any injunctive relief in its operative complaint; (2) the district court had not made the requisite findings of fact and conclusions of law that normally support an order granting injunctive relief; and (3) based on how the district court characterized the appraisal order, it "did not intend to issue an injunction." *See id.* (quoting *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1247 (11th Cir. 2012) (Pryor, J., concurring)). And, we explained, "merely establishing that the order under consideration is a court order commanding or preventing an action, and enforceable by contempt, does not make it 'an injunction' under § 1292(a)(1)." *Id.* at 1250 (quoting *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1128 (11th Cir. 2005)). Rather, "[t]he order must also give 'some or all of the substantive relief sought in the complaint,'" and "[t]he § 1292(a)(1) exception [to the final judgment rule] does not embrace orders that have no direct or irreparable impact on the merits of the controversy."[1] *Id.*

---

[1] For example, we noted that "an order compelling discovery contains a directive by the court to act and is enforceable by contempt" but was generally not an appealable interlocutory order under § 1292(a)(1). *See Positano Place*, 84 F.4th at 1250.

(quoting *U.S. Army Corps*, 424 F.3d at 1128–29). Critically, we explained that the order compelling appraisal "did not dispose of any of the claims or defenses in th[e] case" but "simply enforced the parties' contractually-agreed-to, extra-judicial mechanism to calculate the amount of loss as to claims made under" the insurance policy. *Id.* at 1251. "[T]he appraisal process is not remedial," we reasoned, and the result of that process did not entitle the insured to relief or judgment on its claims against the insurer related to the claims for property insurance benefits under the insurance policy. *Id.*

Next, we explained that, under § 1292(a)(1), we also had appellate jurisdiction over "orders that have the practical effect of granting or denying injunctions and have 'serious, perhaps irreparable, consequence.'" *Id.* (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 287–88 (1988)). We summarized the requirements for such orders as follows: (1) "if the relief sought is not actually an injunction, then it must have the practical effect of an injunction"; and (2) "the appellant must show that the interlocutory order of the district court 'might have a serious, perhaps irreparable, consequence, and that the order can be effectually challenged only by immediate appeal.'" *Id.* at 1252 (quoting *United States v. City of Hialeah*, 140 F.3d 968, 973 (11th Cir. 1998)). Applying these requirements, we found that the order compelling appraisal in *Positano Place* did not have "serious, perhaps irreparable, consequence" such that it was effectively challengeable "only by immediate appeal." *Id.* We noted that the order did *not* entitle the insured to judgment on its claims against the insurer. *Id.* Further,

we explained that "while the appraisal process is binding on the parties as to the *amount* of the loss, [the insurer] can still pursue its defenses of coverage denials as a whole and to specific buildings owned by [the insured] in the district court once the appraisal process concludes." *Id.* And, we stated, if the insurer was "unsuccessful in the district court following the conclusion of the appraisal proceedings, it can still obtain relief upon review after trial by appealing any final judgment against it—meaning that the order is not effectively challengeable only by immediate appeal." *Id.*

As in *Positano Place*, we conclude that the district court's order here is not appealable under § 1292(a)(1) because the order was not the explicit grant of an injunction and does not have "serious, perhaps irreparable, consequence" such that it was effectively challengeable "only by immediate appeal." *See id.* at 1248–54. The district court's order here simply (1) compelled the parties to submit their disagreement on the *amount of loss* issue to an appraisal in accordance with the Policy, (2) stayed the case pending completion of the appraisal process, and (3) required the parties to file a joint report ninety days from the date of the order detailing the status of the appraisal process and the need for any further proceedings in the district court. The Insurers retained the right to deny Brar's claim in the event of an appraisal invoked under the Policy, and the Insurers have raised various coverage defenses in response to Brar's complaint, which the Insurers may pursue once the appraisal process has completed. And if the Insurers do not succeed in the district court following the conclusion of the appraisal proceedings, they can still obtain relief upon review after trial by appealing any

final judgment against them, including on the choice of law issue as to the Policy that they raised in the district court. Accordingly, the interlocutory order compelling appraisal "does not implicate such serious or irreparable consequence to [the Insurers] as to satisfy *City of Hialeah*'s requirements." *See id.* at 1254.

Finally, as we explained in *Positano Place*, "even assuming for the sake of argument that the order compelling appraisal here fell within the definition of arbitration for purposes of the FAA, we still lack appellate jurisdiction over the district court's order." *Id.* at 1255. Indeed, the order compelling appraisal is not a final order, meaning that it is not appealable under 9 U.S.C. § 16(a)(3), which provides that an appeal may be taken from "a final decision with respect to an arbitration." And because 9 U.S.C. § 16(b)(3) specifically states that "an appeal may not be taken from an interlocutory order . . . compelling arbitration" and because § 16(b)(1) makes "an interlocutory order . . . granting a stay" pending referral of arbitrable issues to arbitration not immediately appealable, "we lack appellate jurisdiction over the order compelling appraisal even if appraisal were to be considered arbitration for purposes of the FAA." *Positano Place*, 84 F.4th at 1255.

## IV.  CONCLUSION

For the foregoing reasons, we conclude that the district court's order compelling appraisal and staying the proceedings pending appraisal is an interlocutory order that is not immediately appealable under either § 1292(a)(1) or the FAA. We therefore dismiss the appeal for lack of appellate jurisdiction.

22-13788                Opinion of the Court                11

**APPEAL DISMISSED.**